## Case No. 2,210.

### In re BURT.

### [1 Dill. 439.] [1]

Circuit Court, D. Minnesota. 1870.

BANKRUPT LAW—VOLUNTARY ASSIGNMENTS.

1. A voluntary assignment by a debtor, under state laws, though free from fraud, and embracing all of his property, and made for the benefit of all of his creditors, is an act of bankruptcy within the meaning of the bankrupt act.
[Cited in Cragin v. Thompson, Case No. 3,-320; Re Marter, Id. 9,143; Globe Ins. Co. v. Cleveland Ins. Co., Id. 5,486; Re Skoll, Id. 12,926; Boese v. King, 108 U. S. 385, 2 Sup. Ct. 770.]

2. Quere, whether the mere fact of a trader suspending payment of his commercial paper for fourteen days, constitutes, irrespective of any ingredient of positive fraud, an act of bankruptcy.

3. Mr. Justice Miller inclined to the opinion that fraud, in fact, was not essential in such cases, but the question was left undecided.
[Cited in Re Hall, Case No. 5,920.]

Appeal from the district court of the United States for the district of Minnesota.

In bankruptcy. Burt was proceeded against by certain of his creditors in the district court for the district of Minnesota [case unreported], under the 39th section of the bankrupt act [14 Stat. 536]. Two acts of bankrupt were charged in the petition. 1. That being a merchant, or trader, he had fraudulently stopped, or suspended, and not resumed payment of his commercial paper for a period of fourteen days. 2. That he had made under the statutes of the state of Minnesota, a voluntary assignment of all of his property for the benefit of all of his creditors. The district court, Nelson, J., adjudged him a bankrupt, and from this judgment he appealed. [Affirmed.]

George L. Otis, for petitioning creditors.
Allis, Gilfillan, and Williams, for debtor.

Before MILLER, Circuit Justice, and DILLON, Circuit Judge.

MILLER, Circuit Justice, delivering orally the opinion of the circuit court on the appeal, in substance said:

As to the first act of bankruptcy charged in the petition, there is no proof in the case of any fraud, or wrong intention on the part of the debtor in stopping, or suspending and not resuming payment of his paper; and the question made and argued by counsel was, whether fraud in fact is an essential element when this ground is relied on by the creditors, to make a man a bankrupt. I am aware, he continued, of the different views which have been expressed in the inferior courts upon this subject. My present inclination is to the opinion that the mere fact of a trader or merchant suspending and not resuming payment of his commercial paper without legal excuse, for the period prescribed by the act, constitutes, irrespective

of any ingredient of actual fraud, an act of bankruptcy; but as I have a clearer conviction upon the second ground, I pass the above question without pronouncing any more decisively respecting it.

My opinion is, that a voluntary assignment by a debtor, under state laws, though such assignment be made for the benefit of all of his creditors, and be free from fraud, is, within the meaning of the bankrupt act, an act of bankruptcy.

The effect of such an assignment is to take, or withdraw the property of the debtor from the bankrupt act, and to defeat its operation; and the debtor must, on familiar principles of law, be presumed to intend that effect.

Accordingly, the order of the district court adjudging the debtor a bankrupt was affirmed.

NOTE [from original report]. In Re Cowles [Case No. 3,297], decided by Mr. District Judge Nelson, in 1869, he ruled that it was not necessary to show the stoppage of payment to be fraudulent; it is sufficient if the party, being a trader, or within the act, suspends and does not resume payment of his commercial paper for the prescribed period. S. P., in Iowa district, in Re Hall [Id. 5,920]. See act of July 14, 1870 (16 Stat. 276). Judge Nelson also ruled, in the same case, that a person engaged in the manufacture and sale of lumber as an article of merchandise, is a trader, within the meaning of this provision of the act.