## Case No. 17,279.

WATSON v. CITIZENS' SAV. BANK.

[2 Hughes, 200: [1] 11 N. B. R. 161.]

Circuit Court, D. South Carolina. 1874.

INSOLVENT CORPORATION—PROCEEDINGS IN BANK-
RUPTCY—EFFECT ON STATE COURT
JURISDICTION—COUNTY.

1. The court, in construing the amendment of the bankruptcy act, passed February 13, 1873 (section 5123, Rev. St. U. S. [17 Stat. 436]), declaring that where proceedings have been commenced in a state court against a corporation prior to commencement of proceedings in bankruptcy against the same corporation, any order made by the state court agreeably to the state law for the ratable distribution or payment of any dividend of assets to creditors while such state court shall remain actually or constructively in possession or control of the assets of such corporation shall be deemed valid, notwithstanding proceedings in bankruptcy may have been commenced and be pending against such company, held, that the jurisdiction of the United States court in bankruptcy is an exclusive jurisdiction.

2. Although the state courts have jurisdiction under their statutes to settle and arrange the af-

1 [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

fairs and distribute the assets of an insolvent corporation, their jurisdiction is at an end the moment the corporation is adjudged a bankrupt by the United States district court.

3. The act of congress of February 13, 1873, relates only to such orders respecting the ratable distribution of assets or payment of dividends as the state court may have passed prior to the commencement of proceedings in bankruptcy.

4. No question of comity between courts can arise under the act of congress of February 13, 1873, as the question is one of jurisdiction and not of comity.[2]

In bankruptcy.

The summons and complaint of John L. Watson, the affidavit thereto, the order of State Judge Carpenter, and the proof of service of said papers, all bear date November 22d, 1873. The order of Judge Carpenter calls upon the bank to show cause why a receiver should not be appointed, and "that in the meantime, the defendant, its officers and agents, be restrained from paying out the funds, or otherwise disposing of the property and effects of the said corporation." On being served with these papers, the bank at once retained the services of the appellant, and Messrs. Haskell, Bachman, and Youmans, to defend said action, and to advise the bank as to the proper course to be pursued; and paid them moderate and reasonable fees for their services. In pursuance of the advice of these attorneys, on the 29th November, 1873, the bank filed its petition in bankruptcy, and on 1st December, 1873, it was adjudged a bankrupt by Judge Bryan, of the United States district court; and on the same day, "all the property of every kind soever" was ordered to be surrendered to the register, and by him kept until the appointment of an assignee. On the 9th December, 1873, Judge Carpenter adjudged that the proceedings in bankruptcy did not oust the jurisdiction of his court, and "5th. That the next step taken in the administration of the assets of said bank is necessarily the return of said assets to the custody of this court." Upon this declaration of an intention to interfere with the possession by the register of the property of the bank, the United States district court, on the 10th December, 1873, issued an order of injunction, "that the said John L. Watson, and all other creditors of said bankrupt, their agents and attorneys, and any and all persons whomsoever, be, and they and each of them are hereby restrained and enjoined from intermeddling or in any wise interfering with the property and assets of said bankrupt, or with the possession, custody, and control of said property and assets by

2 This decision was rendered before the enactment of the Revised Statutes of the United States of June 22, 1874, which for the first time enacted the express words (section 711): "The jurisdiction vested in the courts of the United States, in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several states. * * * Sixth, of all matters and proceedings in bankruptcy."

the register of this court, or any other officer or appointee of this court, into whose hands the aforesaid property and assets may be transferred." On the 13th December, 1873, Judge Carpenter issued a rule upon the six attorneys of the bank to show cause why they should not be attached for a contempt of his court. On the 17th December, 1873, the plaintiff, Watson, filed a petition in the United States circuit court, for the purpose of reviewing the proceedings had in the district court, and having all the orders made by the latter court set aside, and the assets restored to the custody of the state court.

Mr. Trescot, for the petitioners, contended that the bankrupt court had no authority to issue an injunction, except up to the time of the adjudication in bankruptcy; that suit having been commenced in the state court previous to the commencement of the proceedings in bankruptcy, under the amendment of 1873 of the bankrupt law, the case should remain in the state court.

C. D. Melton, on the same side, contended that while the United States courts had frequently enjoined proceedings in the state court, yet in all these cases the injunctions had been issued to restrain creditors from establishing separate liens or judgments, exclusive of and without regard to the rights of the other creditors. In this case, however, the creditor had no such object in view. He only desired under the state laws to procure an equitable administration of the assets of the insolvent debtor.

James H. Rion, for the defendants, claimed that the suit in the state court was actually a proceeding in involuntary bankruptcy, and the administration of bankruptcy property belongs to the United States court. In this case no receiver had been appointed by the state court yet, and the United States district court could, therefore, with perfect propriety, assert its jurisdiction, without being reduced to the necessity of dispossessing a receiver appointed by another court. The object and intent of the bankrupt law was to place the administration of the assets of a bankrupt's estate within the control of the bankrupt court, and the passage of the law superseded or suspended all state insolvent laws. The action of the state court must yield to the paramount authority of the United States court. It was clearly laid down in all the authorities that the United States court had full power to suspend or control all proceedings in a state court against a bankrupt or his estate. This suspension or control could properly be effected by an injunction, as had been done in this case.

A. G. Magrath, in reply, urged that the order of Judge Bryan was in direct violation of the order of the state court, and was granted without notice to the petitioners, who had instituted the proceeding in the state court. If the circuit court of the state had jurisdiction in this case in limine, the jurisdiction continued to the end of the suit.

BOND, Circuit Judge. This cause having been presented and argued on the last days of the term, we are allowed no time to file an opinion in writing, and will only state briefly the conclusions to which we have come, and which we think are decisive of the case:

First. We are of the opinion that the jurisdiction of the United States courts in bankruptcy is an exclusive jurisdiction.

Second. That although the state courts have jurisdiction, under their statutes, to settle and arrange the affairs and distribute the assets of an insolvent corporation, their jurisdiction is at an end the moment the corporation is adjudicated a bankrupt by the district court; and in this respect we can see no difference between the proceedings of a state court under a particular statute relating to insolvent corporations, and its proceedings under its general powers as a court of equity to wind up the affairs of an insolvent corporation.

Third. That we are of the opinion that the act of congress of February 13th, 1873, applies only to such orders relating to the ratable distribution or payment of dividends as the state courts may have passed prior to the commencement of proceeding in the district courts, or prior to its adjudication in bankruptcy, for the ratable distribution or payment of dividends.

It seems to the court plain, also, that no question of comity between courts can arise in this case, for, aside from the numerous decisions quoted in argument, determining the exclusive jurisdiction of the United States court in bankruptcy, the act of February 13th, 1873, renders the matter certain; for congress would never have directed the bankrupt court to obey any orders passed by a state court prior to its decree in bankruptcy, if the bankrupt court could take no jurisdiction of an insolvent corporation's affairs, after bill filed in a state court, to wind up their affairs. In this case there has been no order of a state court respecting payment or distribution. There has been no receiver appointed to take possession of the effects of the insolvent corporation. The court has required the officers of the company to remain in possession and make no transfer. They have not so made transfer; the transfer was by operation of law, upon the application for the benefit of the provisions of the bankrupt act, to the district court. We do not think a state court can, by any process, prevent a party from applying to the district court for the benefit of the provisions of the bankrupt law. We think the objection that the injunction against Watson, a creditor of the bankrupt, was improvidently issued, because he was not a party to the petition in bankruptcy, is not well taken. All the creditors of a bank-

rupt are parties to the proceedings, especially so far as an order for the preservation of the assets is concerned. For these and other reasons, which we have not time to note, much less to enlarge upon, this petition must be dismissed.

[For another report of this proceeding, see Case No. 2,735.]