## Case No. 17,512.

### In re WHIPPLE.

[6 Biss. 516; [1] 13 N. B. R. 373; 8 Chi. Leg. News, 134.]

District Court, N. D. Illinois. Jan., 1876.

BANKRUPTCY SUPERSEDES CREDITORS' BILL — RECEIVER APPOINTED BY STATE COURT.

Proceedings in bankruptcy supersede a creditors' bill in a state court. A receiver appointed by the state court can be compelled to deliver the property over to the assignee in bankruptcy, subject to all the rights which the creditors whom he specifically represents have obtained, and to all the priorities which they have obtained by their diligence.

[Cited in Re Nolan, Case No. 10,289.]

This was a rule to show cause why certain judgment creditors of the bankrupt [R. M. Whipple] should not be enjoined from proceeding under creditors' bills against the bankrupt in the state courts, and from enforcing an assignment by the debtor to the receiver appointed in such creditors' suits. On the 8th day of August. 1874. Louis Stix and others filed in the circuit court of Cook county an or-

¹ [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

dinary creditors' bill to enforce a judgment against Whipple previously recovered in that court. On the fourth day of November, 1875. a receiver of the debtor's effects was appointed in that suit, and the debtor was ordered to make an assignment of his effects to such receiver. On the 10th day of July, 1875. the Chatham National Bank and others filed a similar creditors' bill in the superior court of Cook county, upon judgments previously recovered therein against Whipple, and upon the 5th day of November, 1875. a receiver was appointed, and the debtor was ordered to assign his effects to such receiver. On the 24th day of November, 1875, and before the debtor had executed an assignment to the receiver in either creditors' suit, an involuntary petition in bankruptcy was filed against him in this court, on which he was adjudicated a bankrupt on the 6th day of December. and delivered his property to the marshal under the warrant in bankruptcy. The judgment creditors in each of the suits in the state courts above named, having taken proceedings therein against Whipple to enforce an assignment to the receiver appointed in each case, a rule was granted against them in this court to show cause why they should not be enjoined from further proceeding in the state courts.

E. & A. Van Buren and Tenneys, Flower & Abercrombie, for judgment creditors.

Edwin Bean and R. W. Smith, for petitioning creditors in bankruptcy.

J. L. High, for bankrupt.

BLODGETT, District Judge. This question came before me in the case of the National Insurance Company, which was also a case where a creditors' bill had been filed in the state court, on which a receiver was appointed and took possession of the assets of the company, and proceedings in bankruptcy were then instituted against the company. I had occasion to investigate the question very thoroughly in that case, and after a very careful examination in the light of the authorities, both in this country and in England. I came to the conclusion that the proceedings in bankruptcy superseded the creditors' bill; and that the receiver in the chancery suit would be obliged and could be compelled to deliver the property over to the asssignee in bankruptcy. subject, of course, to all the rights which the creditors whom he specifically represented had obtained, and to all the priority which they had obtained by their diligence. I announced my conclusion in that case and the parties acquiesced in it.

This class of cases, of course. brings up the difficult question of collision between the jurisdiction of the several courts. and I see no way to harmonize it except to assume that when proceedings in bankruptcy are properly instituted and take effect, they must of necessity supersede the proceedings on creditors' bills, subject to all the rights which the parties may have acquired by the steps taken. Now, if one creditor obtained a judgment in

1873, that judgment is ipso facto a lien upon the real estate of the debtor, and if anything is realized out of his real estate this lien would have to be respected. Then if he had acquired possession of any assets through his receiver, undoubtedly to the extent that assets had come into the receiver's hands, the authorities require the bankruptcy court to respect the lien thereby obtained.

How far we are to go in enforcing what counsel characterize as an equitable lien, simply by their having instituted proceedings in chancery and obtained the appointment of a receiver, is a question upon which I would prefer to reserve an opinion until we come to distribute the estate. That is a question that has never been fairly up. It is presented by Mr. Tenney in this case, he claiming that by their diligence in filing the creditors' bill, they have acquired a sort of blanket lien on the whole property. It seems to me utterly impossible to carry on the two administrations together; the estate should be administered in one court, and I think the bankrupt court the proper one. The assignee in bankruptcy necessarily, and by operation of law, takes possession of the assets, subject to the existing claims or liens of the creditors in the state courts. And I think that the better authority and the more reasonable doctrine is that the proceedings in bankruptcy supersede all other proceedings for the administration of the assets of the debtor, subject only to priorities which are obtained by any creditors by the use of diligence, which are to be respected and which should be paid in the order of priority, according to whatever rights have been obtained. Now, in this case, the receiver in the state court has obtained no property. The bankrupt reports to this court that he has turned over all his assets of every nature to the marshal of this court, under the warrant of seizure in bankruptcy. Under these circumstances, the bankruptcy court must go on and administer the estate, leaving these judgment creditors to assert their claims and priorities, if any, in this court. The question is not a new one, but has been frequently up, and until it is overruled by the supreme court, I shall insist upon this construction of the law.

Let the rule to show cause be made absolute, and the judgment creditors be enjoined from proceeding in the creditors' suits in the state courts, reserving all questions as to the priorities which they have there acquired, to be determined by this court hereafter.