## IN RE SCHUMAKER and others.
## IN RE TOWN OF RANTOUL.

*May 21 — June 20, 1895.*

*Special proceeding to incorporate village: Appealable order: Prohibition.*

1. An order of reference in a proceeding in the circuit court to incorporate a village, being a mere interlocutory order, is not appealable.
2. A writ of prohibition will not be granted against proceedings in the circuit court to incorporate a village, on the ground that the statutes authorizing such proceedings are unconstitutional.   The ordinary remedies at law are ample.

APPLICATIONS for a stay of proceedings and for a writ of prohibition against proceedings in the circuit court for Calumet county: GEO. W. BURNELL, Circuit Judge.   *Denied.*

*J. C. Kleist* and *Rublee A. Cole*, for the *Town of Rantoul*.
*J. L. O'Connor, contra*.

WINSLOW, J. *Schumaker* and others made petition to the circuit court for Calumet county, under the provisions of secs. 854 *et seq.*, R. S., for the incorporation of certain territory as a village. Three fourths of the territory of the proposed village was situated in the town of *Rantoul*, and this town appeared and filed an answer to the petition, raising certain issues thereon, which issues were, by order of the court, referred to Joseph B. Reynolds, Esq., for examination and report thereon. The referee proceeded to take testimony, but before he had concluded his hearing or made his report, and on the 9th of May, 1895, the town of *Rantoul* served notice of appeal from the order of reference; and it now makes a motion in this court for an order staying all proceedings in the circuit court and before the referee, pending the appeal, and requiring the transmission to this court of all of the original papers in the proceeding. There is one sufficient reason why this motion will not be granted, and that reason is that the order of reference is not an appealable order. The proceeding to incorporate a village is a special proceeding, and not an action. The order of reference is simply an interlocutory order, and the statute governing appeals from orders in special proceedings grants an appeal only from a final order. R. S. sec. 3069, as amended by ch. 212, Laws of 1895.

A motion is also made by the town of *Rantoul* for a writ of prohibition, directed to the circuit judge and to the referee aforesaid, prohibiting them from taking any further proceedings in the matter of the application for incorporation, on the ground that the statutes authorizing the incorporation of villages by the circuit court are unconstitutional because they attempt to confer on the court legislative power. The writ of prohibition is issued only in cases of extreme necessity, and not for grievances which may be redressed by ordinary proceedings at law or in equity. *State ex rel. De Puy v. Evans*, 88 Wis. 255. We perceive no ex-

treme necessity in this case, and no reason why the remedies at law are not ample in case an order of incorporation is made by the court below.

*By the Court.*— Motions denied.