## LEA et al. v. GEORGE M. WEST CO.

(District Court, E. D. Virginia. January 10, 1899.)

1. BANKRUPTCY—ACTS OF BANKRUPTCY—ASSIGNMENT FOR CREDITORS.

Under Bankruptcy Act 1898, § 3, providing that it shall be an act of bankruptcy if a person shall have "made a general assignment for the benefit of his creditors," it is no defense to an involuntary petition, alleging such an assignment as an act of bankruptcy, that the debtor was solvent at the time of the assignment.

2. SAME—PROPERTY IN POSSESSION OF RECEIVER OF STATE COURT.

Where a corporation has made a general assignment for the benefit of its creditors, and a state court, on a bill in equity, has appointed the assignee as receiver to take charge of the assigned estate and wind up the affairs of the assignor, and the corporation is afterwards adjudged bankrupt, jurisdiction to administer and distribute the entire estate of the bankrupt belongs to the court of bankruptcy, to the exclusion of the state court, and the former court may enjoin all parties from further proceedings in the latter court.

### In Bankruptcy.

On the 12th day of December, 1898, the defendant company caused to be admitted to record in the chancery court of the city of Richmond a general deed of assignment to Joseph V. Bidgood, trustee, conveying to him all its property, estate, and effects for the payment of its creditors, without preference, except as allowed under the laws of the state of Virginia. On the same day certain creditors, secured in said general assignment, filed a bill in equity in the law and equity court of the city of Richmond to administer the trust, and the said court appointed the trustee named in the said assignment as receiver to take charge of and wind up the affairs of the said company. On this same day, also, a petition for adjudication in bankruptcy was filed in the clerk's office of the district court of the United States for the Eastern district of Virginia, and process duly awarded against the said George M. West Company and said trustee to show cause why the said company should not be adjudged bankrupt. The process was duly executed, returnable on the 17th of December, 1898. The said George M. West Company appeared and filed its plea, alleging its solvency, which plea the petitioners moved to reject; and the petitioners filed a further petition, alleging the prosecution of said suit in the law and equity court of Richmond, and asking that the said parties be enjoined from further proceeding in the state court, and that the fund in the cause be brought into the bankrupt court. The defendant company answered this last-named petition, and insisted that the bankrupt court was without power to interrupt the law and equity court of Richmond in the due administration of the trust fund, notwithstanding the adjudication of bankruptcy, and that the state, and not the federal, court alone had power to administer the trust.

Dawson & Seaton, for petitioners.

William Wirt Henry and E. Randolph Williams, for defendant.

WADDILL, District Judge (after stating the facts as above). The pleadings in this case present two questions for the consideration of the court: First. Whether a general assignment for the benefit of creditors constitutes an act of bankruptcy; and, second, if an act of bankruptcy, what effect the action of the state court appointing a receiver to administer the trust under the deed of assignment should have in the administration of the trust estate,—that is to say, whether the state or bankrupt court should, after the adjudication of bankruptcy, administer the trust estate.

The present bankrupt law (section 3) specifies five acts of bankruptcy, viz.:

"(1) Conveyed, transferred, concealed, or removed; or permitted to be concealed or removed, any part of his property with intent to hinder, delay or defraud his creditors, or any of them; or (2) transferred, while insolvent, any portion of his property to one or more of his creditors with intent to prefer such creditors over his other creditors; or (3) suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings, and not having at least five days before a sale or final disposition of any property affected by such preference vacated or discharged such preference; or (4) made a general assignment for the benefit of his creditors; or (5) admitted in writing his inability to pay his debts and his willingness to be adjudged a bankrupt on that ground."

And the law particularly provides, in involuntary bankruptcy cases, for contesting the first, second, and third grounds of bankruptcy by allowing the bankrupt to disprove his alleged insolvency, and the burden to prove solvency is placed upon him. No provision seems to be made for contesting the fourth and fifth grounds of bankruptcy, for the manifest reason, it would appear, that the question of insolvency is not one open for dispute where the bankrupt, either in writing admits his inability to pay his debts and consents to be adjudged a bankrupt, or makes a general assignment for the benefit of his creditors. The general assignment itself is inconsistent with solvency, and the answer to the contention that one may assign, and still be solvent, is that to determine that fact involves the administration of the trust, which the law has chosen to impose upon courts of bankruptcy at the instance of creditors, and not upon the bankrupt himself, through agencies chosen by him. To allow the bankrupt to make an assignment, and a creditor secured in the assignment to submit the administration of the trust arising under it to a state court, to defeat the jurisdiction of the bankrupt court, would, in effect, destroy the bankrupt law.

Under the law itself, it is quite clear that a general assignment of one's estate and effects to trustees constitutes an act of bankruptcy, and the current of authority, both English and American, is to the same effect. A general assignment of an insolvent debtor to an assignee or trustee of his own choosing is itself an act of bankruptcy and voidable, because it defeats the rights of creditors to the choice of a trustee, and the trustee, under such assignment, can hold nothing as against the trustee in bankruptcy, where proceedings are taken to avoid the assignment.

Under the act of 1867, the supreme court of the United States in Boese v. King, 108 U. S. 385, 2 Sup. Ct. 769, in considering this question, said:

"It is equally clear, we think, that the assignment by Locke of his entire property, to be disposed of as prescribed by the statute of New Jersey, and therefore independently of the bankrupt court, constituted itself an act of bankruptcy, for which, upon the petition of a creditor filed within the proper time, Locke could have been adjudged a bankrupt, and the property wrested from his assignee for administration in the bankruptcy court." In re Burt, 1 Dill. 439, 440, Fed. Cas. No. 2,210; Hobson v. Markson, Fed. Cas. No. 6,555; In re Smith, Id. 12,974; Black, Bankr. p. 20, and cases there cited; Bump, Bankr. (11th Ed.) p. 252, and cases there cited.

Coming to the consideration of what action should be taken by this court, where the state court has entered upon the administration of the

trust estate by reason of the general assignment of the bankrupt, while every reasonable effort should be exerted to avoid even an apparent conflict of jurisdiction between state and federal courts, this case is apparently free from difficulty, as it will not be seriously maintained that the act of bankruptcy itself can be made the basis of dispossessing the bankrupt court of its jurisdiction. The constitution of the United States authorizes congress, in its wisdom, to enact bankruptcy legislation, and when such action is taken it is the supreme law of the land on the subject. Under the recent act, the district courts of the United States alone are made courts of bankruptcy within the states, and are vested with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings.

There are many matters in which the state and federal courts can proceed in harmony under the bankruptcy act, and which the bankrupt court should leave to the determination of the state court, and, as far as possible, it will be the policy of this court to do so; but, in a case like the present one, I do not see how the two courts can proceed harmoniously. The litigation in each court involves the administration of the entire estate of the bankrupt; one court or the other must proceed. If the assignment is in itself an act of bankruptcy, and the makers thereof have been adjudged bankrupts, then this court has to proceed, and therefore must be possessed of the bankrupt's estate; for otherwise the anomalous condition would exist of one court dealing with the bankrupt and his creditors, and another court administering his estate. The power of the bankrupt court in the premises is plenary, and under section 711, Rev. St. U. S., its jurisdiction in bankruptcy cases is superior to, and not concurrent with, the state courts. And by section 720, Id., and section 11 of the bankruptcy law, it is specially authorized to issue injunctions against the parties and stay proceedings in state courts when necessary for the exercise of its jurisdiction. Indeed, in these cases the question is more one of discretion than jurisdiction. Authorities to support this view are abundant. In re Clark, 9 Blatchf. 372, Fed. Cas. No. 2,801; In re Merchants' Ins. Co., 3 Biss. 162, Fed. Cas. No. 9,441; In re Miller, 6 Biss. 30, Fed. Cas. No. 9,551; Watson v. Bank, 2 Hughes, 200, Fed. Cas. No. 17,279; In re Whipple, 6 Biss. 516, Fed. Cas. No. 17,512; Black, Bankr. pp. 10, 20; Ex parte Christy, 3 How. 292.

My conclusion is that the assignment constitutes an act of bankruptcy, and that the parties should be enjoined from further proceeding in the state court. As an appeal is desired in this case, a decree may be entered adjudicating the bankruptcy, and enjoining any disposition of the fund in the state court; but, under the circumstances of this case, the present administration of the estate in the state court will not be interrupted pending the appeal, which can be quickly taken and disposed of.