ALLEN and others, Appellants, vs. BOBERG, imp., Respondent.

*November 16 — December 7, 1900.*

*Appealable orders: Corporations: Insolvency: Stockholders' liability.*

> In an action to wind up a banking corporation and enforce the statutory liability of its stockholders, it was ordered that a defendant stockholder who had paid into court the par value of his stock be discharged from further liability and that the action be dismissed as to him without costs. *Held,* that such order was not in effect a final determination of the action as to said defendant, nor did it prevent a judgment from which an appeal might be taken, but on the contrary it contemplated such a judgment, and hence was not appealable under subd. 1, sec. 3069, Stats. 1898.

APPEAL from an order of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge.   *Appeal dismissed.*

*L. A. Doolittle,* for the appellants.

For the respondent there was a brief by *Wickham & Farr,* and oral argument by *James Wickham.*

CASSODAY, C. J.   In July, 1897, an action was commenced by Edward Boyle, as plaintiff, against the Commercial Bank of Eau Claire, as defendant, in which the bank was adjudged to be insolvent, and all its assets were collected by a receiver therein appointed therefor, and distributed by order

of the court to pay expenses and certain preferred and secured claims, leaving nothing for general creditors. It appearing that, in order to pay such creditors even in part, it was necessary that the stockholders of the bank be required to pay their statutory liability, the court, on September 24, 1897, ordered the receiver to proceed forthwith to enforce such liability. In the spring of 1898, upon the petition of a large number of the general creditors, a supplemental complaint was filed in such action in behalf of all the creditors and against all the stockholders to wind up the corporation and enforce such statutory liability against each of such stockholders — including the defendant *Otto Boberg* — for the full amount of their stock, respectively; the aggregate amount of which was less than the remaining unpaid indebtedness of the bank. The defendant *Otto Boberg* answered such supplemental complaint. Upon such issue being reached for trial, February 16, 1900, the defendant *Otto Boberg* tendered into court $600, the par value of his stock, and moved the court that said sum be accepted, and that he be discharged from all further liability in the action, and that the action be dismissed as to him, without costs. The court thereupon entered an order granting such motion, and ordering that the defendant *Otto Boberg* be discharged from all further liability in this action, and that this action be, and the same was thereby, dismissed as against him, without costs to either party. From that order the plaintiffs have taken this appeal, claiming that the defendant *Otto Boberg* is liable herein for interest and costs.

After careful consideration, we are constrained to hold that the order is not appealable. Sec. 3069, Stats. 1898. The right of appeal is claimed under the first subdivision of that section. True, the order was made in an action, and affected a substantial right; but it is not, in effect, a final determination of the action as against the defendant *Otto Boberg,* nor did it prevent a judgment from which an ap-

peal might have been taken. On the contrary, it contemplates the entry of a judgment in the action. Counsel for the plaintiffs seem to think that the order in question was, in effect, a judgment; but it is manifestly neither a final judgment nor an interlocutory judgment, within the meaning of the statutes (secs. 2883–2885). *Trustees of St. Clara Female Academy v. Delaware Ins. Co.* 93 Wis. 57, 69; *Hyde v. German Nat. Bank,* 96 Wis. 406. The order in question is not appealable. *Latimer v. Central R. Co.* 101 Wis. 310; *Latimer v. Julius Andrae & Sons Co.* 101 Wis. 311; *Chambers v. Jacobia,* 103 Wis. 37; *In re Minnesota & W. R. Co.* 103 Wis. 191. It does not belong to any of the classes of cases which have been held to be appealable under subd. 1, sec. 3069. See note to that section. *State ex rel. Meggett v. O'Neill,* 104 Wis. 227.

*By the Court.*— The appeal is dismissed.