State of Wisconsin, by the Attorney General, etc., R. F. Connell, Receiver, Appellant, vs. German Exchange Bank and others, Respondents.

*April 24—May 13, 1902.*

*Appealable orders: Discretion: Substitution of administrator as appellant: State and federal courts: Bankruptcy: Receivers: Compensation.*

1. After the appointment of a receiver in an action by the attorney general to wind up the business of a banking partnership, the partners were adjudged bankrupts in the federal court. On

motion of the trustee in bankruptcy the state court ordered that all the property be turned over by the receiver to such trustee. *Held*, that the order was a final order affecting a substantial right made in a special proceeding, and, unless a proper exercise of discretion, was appealable under subd. 2, sec. 3069, Stats. 1898.

2. The receiver having died after appealing from the order, it was proper to allow his personal representative to be substituted as appellant.

3. The superior jurisdiction of the federal court over the property was conceded by all parties, and the order was so framed that any legal claim of the receiver to compensation for his services and expenses followed the property into the hands of the trustee as a lien thereon. *Held*, that it was not an abuse of discretion so to protect the receiver's rights, instead of adjusting his account and ordering payment out of the funds in his hands before relinquishment thereof to the trustee in bankruptcy.

[4. Whether the bankruptcy proceeding entirely superseded the jurisdiction of the state court, leaving the latter no authority in the matter other than to order the property turned over to the trustee, not determined.]

5. An appeal from a mere discretionary order will be dismissed if there was no abuse of discretion.

APPEAL from an order of the circuit court for Calumet county: GEORGE W. BURNELL, Circuit Judge. *Appeal dismissed.*

On July 23, 1901, in an action commenced by the attorney general of the state pursuant to ch. 317, Laws of 1901, to wind up the business of a banking partnership conducted in the name of the German Exchange Bank and composed of *Theodore* and *Henry Kersten, R. F. Connell* was appointed receiver. He took possession of the assets of the banking firm and entered upon the execution of his trust. Subsequently the two *Kerstens* were duly adjudged bankrupts in the federal district court for the Eastern district of Wisconsin, and thereafter such proceedings were had in such court that *John C. Kleist* was elected as trustee. Thereafter such trustee appeared in the state court and upon due notice applied for an order requiring the receiver to turn over to

him, to be administered by the federal court in bankruptcy, all of the assets in his hands as such receiver. The application was first granted as to all the assets except $4,500. That was retained temporarily, to await a decision as to whether the receiver was entitled to have his expenses and allowance for services adjusted by the state court and paid out of the money in his hands as receiver, and to turn over to the trustee only such part of the $4,500 as might remain after such payment. That was decided against the receiver. An order was then entered requiring him to pay the $4,500 to the trustee, subject to whatever claim he might have for expenses and services rendered in the receivership suit, his account therefor to be adjusted and ordered paid according to the judgment of the federal court in the bankruptcy proceedings. From that order this appeal was taken. After the appeal was taken the receiver died, and an administrator, duly appointed to settle his estate, was substituted to continue the appeal.

*J. C. Kerwin,* for the appellant.

*J. E. McMullen,* for the respondent *Kleist.*

For the respondents *Kersten* there was a brief by *O'Connor, Schmitz & Wild,* and oral argument by *A. J. Schmitz.*

MARSHALL, J. Respondents' counsel, pointing to *Allen v. Boberg,* 108 Wis. 282, 84 N. W. 421, for support, contend that the order is not appealable. In the case cited the order dismissed the suit as to one defendant, leaving it to proceed to final judgment as to others. We fail to observe any similarity between that situation and the one before us. The order in question was not entered between the parties to the action against the *Kerstens.* It was entered in a special proceeding instituted therein by the trustee in bankruptcy, who appeared in the state court for that purpose only. If the action were to proceed to judgment, an appeal therefrom would not bring the order up for review. That terminated

the special proceeding. It affected a substantial right. Therefore it is appealable under the plain language of subd. 2, sec. 3069, Stats. 1898, unless it must be held otherwise upon the ground that the order was proper in the exercise of judicial discretion.

*Connell,* being a sole trustee, possessed, as such, at the time of his death, of personal property, the legal title thereto passed to his representative, the administrator of his estate. Such representative was bound to execute the trust · so far as necessary to preserve the subject thereof till he should account to a successor appointed by the court, and was entitled to take all necessary proceedings to secure a settlement of the deceased receiver's accounts. Perry, Trusts, §§ 341–344; 2 Woerner, Adm'n, § 321; *Schenck v. Schenck,* 16 N. J. Eq. 174, 182. Therefore it was proper to allow him to be substituted as appellant in this court for the purpose of prosecuting this appeal to a final determination.

The federal court did not decide that the bankruptcy proceeding entirely superseded the jurisdiction of the state court in the receivership case, leaving the latter no authority in the matter other than to order the property in the hands of the receiver turned over to the trustee. That is clearly indicated by the opinion of the district judge, which appears in the record. It was competent for the federal court to declare the *Kerstens* bankrupts and to take such proceedings as were necessary to have a trustee elected and qualified to administer their affairs in that court, leaving the question of its jurisdiction over the property in the hands of the receiver appointed by the state court, for subsequent determination. It took that course. The trustee then presented to the latter court for consideration the question of his authority over the estates of the bankrupts in its charge. He did not, so far as appears, obtain any adjudication of his right in the matter or judicial advice in respect thereto in his own jurisdiction. On the hearing on such question in

the state court all persons interested seem to have consented to its relinquishing jurisdiction of the property to the trustee, except the receiver, and his objection went no further than to question the trustee's right thereto in advance of the former's account for services and expenses being adjusted and paid by the court that appointed him. True, the circuit judge made the order complained of upon the theory that the jurisdiction of his court over the property terminated with the adjudication in bankruptcy, but no such effect of such adjudication had theretofore been asserted by the federal court, nor was it, so far as appears, asserted thereafter. Whether the lower court's theory is right or not we do not deem necessary to decide on this appeal. Since all parties interested as creditors, as before indicated, have submitted to the jurisdiction of the federal court, and the order relinquishing the property to the trustee was so framed that whatever legal claim the receiver had at the time of the entry thereof was not affected thereby but will follow the property covered by it into the hands of the trustee as a lien thereon, the receiver was not prejudiced by such order. Under the circumstances the circuit court was not without power to turn the property over to the federal court, so long as the rights of its officer were reasonably protected. The superior jurisdiction of the federal court over the property having been conceded, the proper manner of protecting the receiver in his right to compensation for services and expenses became a mere matter of judicial administration, and the action of the circuit court in respect thereto cannot be disturbed except for manifest abuse.

How the order appealed from can be justified upon the theory of the court below is not entirely clear, as a reference to the following authorities will indicate: *In re Whipple,* 6 Biss. 516, 29 Fed. Cas. 929, 11 Nat. Bankr. R. 524; *In re Clark,* 5 Fed. Cas. 835, 838; *Clark v. Binninger,* 39 How. Prac. 363; *In re Lengert Wagon Co.* 6 Am. Bankr. R. 535,

110 Fed. 927; *In re Independent Ins. Co.* 6 Nat. Bankr. R.
260, 13 Fed. Cas. 13; Black, Bankruptcy, 260; *Thornhill
v. Bank of La.* 3 Fed. Cas. 1139.   In *In re Clark, supra,* the
court held that jurisdiction over the assets of a person, ac-
quired by the original exercise of the jurisdiction of a
court of equity, is not superseded by a subsequent adjudica-
tion in the federal court declaring the owner thereof a bank-
rupt.   The following language is used in the opinion by
Mr. Justice BLATCHFORD:

"When property is lawfully placed in the custody of a
receiver by the court which appoints such receiver, it is in
the custody, and under the protection and control, of such
court, for the time being, and no other court has a right to
interfere with such possession, unless it be some court which
has a direct supervisory control over the court whose process
has first taken possession, or some superior jurisdiction in
the premises.   In the present posture of this case it does
not appear that this court has such superior jurisdiction in
the premises, or such supervisory control over the state court,
in respect to the property in question, as to authorize it to
take away from the state court the possession of such prop-
erty, or to enjoin the receivers from further interfering with
such property."

In *Thornhill v. Bank,* opinion by WOODS, Circuit Judge,
it was held that a law specially providing for the winding
up of insolvent banking institutions and the distribution of
their assets,—a law similar, in many respects, to the law of
this state under which the proceeding was commenced in the
state court in which the receiver was appointed,—was a bank-
rupt law, and was suspended by the bankrupt act.   Judge
SEAMAN, in his opinion in the bankruptcy proceeding in
question, recognized the legality of the proceedings in the
state court appointing the receiver, and the existence of some
doubt as to the power of the federal court to take the prop-
erty from him in a compulsory way; that a solution of that
question might involve a determination as to whether our
state law in regard to winding up insolvent banking corpora-

tions so far partakes of the character of a bankrupt act as to be entirely displaced by the national bankruptcy law. The authority of the federal court in the matter was left open for consideration as necessity therefor might arise, the idea being that in any event the state court should have full opportunity for deciding upon its own jurisdiction without coming in conflict with any decision in respect thereto, as to the same subject matter, previously rendered by the federal court; and that if the circuit court should concede the jurisdiction of the federal court, no occasion would arise for the latter to assert jurisdiction.

We will forego deciding the questions which the federal court avoided, as above indicated, until some real necessity therefor exists. We consider that the decision of the court below in that regard is not before us; that the only question here is this: The right of the federal court to take and administer the property in the bankruptcy proceedings being conceded, did the trial court err in not protecting its receiver as regards his charges for expenses and services by adjusting his account and ordering it paid out of the funds in his hands before relinquishing the same to the trustee in bankruptcy? In that we can see no abuse of discretionary, administrative power, since, as before indicated, the court's action was based on an adjudication that the receiver's reasonable charges constitute a lien on the fund in his hands to be discharged only by the payment thereof, and that such lien will incumber the fund in the hands of the trustee.

While in *Mauran v. Crown C. L. Co.* (R. I.) 50 Atl. 387, relied upon by appellant's counsel, the receiver was ordered paid out of the funds in his hands, and he was required to turn over only the residue to the trustee in bankruptcy, the court recognized that the proper course to pursue was a mere matter of judgment,—the exercise of judicial administration. If the trustee accepts the fund involved under the order, he will necessarily do so subject to the terms imposed thereby.

The order, as a whole, will doubtless be respected by the federal court if any part of it is acted upon by the trustee with such court's approval. Assuming submission to the order as a whole, no reason is perceived why the circuit court should not pass upon its receiver's account, if he desires it, leaving the federal court only the duty to order it paid, and not impose upon such court the burden of examining and passing upon the details of the account, the justice of which it cannot, in the very nature of things, be as fully advised of as the home court. So far as appears by the record, the receiver's claim has never been presented to the circuit court for consideration. The complaint is not that such court refused to pass upon the account, but that it ordered the property in the hands of the receiver turned over to the trustee in advance of the payment of the receiver's charges. If the federal court recognizes that the reasonable charges of the receiver constitute a lien upon the property in the hands of the trustee—and we assume that it will do so, as before indicated, if the trustee takes the fund from the receiver pursuant thereto—it will doubtless recognize the adjudication by the state court of the amount due the receiver, if such court shall see fit to pass upon the account.

Regarding the order appealed from as a mere discretionary order, since no abuse of discretion is found the appeal should be dismissed. *McElroy v. Minn. P. H. Co.* 109 Wis. 116, 85 N. W. 119.

*By the Court.*—So ordered.