KINGSTON and others, Appellants, vs. KINGSTON, Respondent.

*January 31—February 21, 1905.*

*Appealable orders: "Final order" in special proceeding.*

1. An order appointing a referee under sec. 3, ch. 300, Laws of 1899 (providing for a special proceeding for the sale of future contingent interests in lands), is not a "final order" within the meaning of subd. 2, sec. 3069, Stats. 1898.
2. The provision in sec. 3047, Stats. 1898, that appeals may be taken from "interlocutory judgments," has no application to interlocutory orders in special proceedings.

APPEAL from an order of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Dismissed.*

The appeal is from an order appointing a referee under

the provisions of sec. 3, ch. 300, Laws of 1899. Respondent moves to dismiss because of asserted nonappealability of the order.

For the appellants there was a brief signed by *Connell & Weidner,* attorneys for *Samuel Kingston* and others, and by *T. E. Ryan,* guardian *ad litem* for *Albert Peck* and others, minors, and oral argument by *T. J. Connell* and *Mr. Ryan.*

For the respondent there was a brief by *Tullar & Lockney,* and oral argument by *D. S. Tullar.*

Dodge, J.   Appealability of this order must find support, if at all, in subd. 2, sec. 3069, Stats. 1898, as "a final order affecting a substantial right made in a special proceeding." Ch. 300, Laws of 1899, clearly provides for a special proceeding, as distinguished from an action.  Sec. 3 directs that, immediately upon the presentation of an application for sale of the real-estate interests of persons therein described, the circuit court must appoint some suitable person as referee to make such sale, who shall give bond.  Upon the coming in of his bond the court is to proceed to hear the evidence, by itself or on reference, and to determine whether such sale should be made, and to enter an order according to such determination, either directing sale or dismissing the proceedings.  A final order in a special proceeding, within the meaning of this statute, is one which determines and disposes finally of the proceeding—one which, so long as it stands, precludes any further steps therein.  It bears the same relation to the proceeding in which it is entered as the final judgment bears to an action.  2 Ency. Pl. & Pr. 72; *In re Schumaker,* 90 Wis. 488, 63 N. W. 1050; *Maynard v. Greenfield,* 103 Wis. 670, 79 N. W. 407; *State ex rel. Att'y Gen. v. German Exch. Bank,* 114 Wis. 436, 439, 90 N. W. 570; *Mitchell v. Kilburn,* 74 N. C. 483; *McCredie v. Senior,* 4 Paige, 378; *Beebe v. Griffing,* 6 N. Y. 465; *In re Freeholders of Irondequoit,* 68 N. Y. 376, 380; *In re Grab,* 157 N. Y. 69, 51 N. E.

398.  It is perfectly clear that the order appointing the referee under sec. 3 of this act is not of such character.  It is to be entered *ex parte,* before hearing, and leaves for investigation and for determination by some subsequent order all of the merits presented by the application.  It is clearly intermediate, and not final.  Hence we must conclude that it is not within the description of those orders which are rendered appealable by the above-cited section of the statutes.

Some suggestion is made that more recent legislation, first appearing in the Statutes of 1898 as an amendment to sec. 3047, provides that appeals may be taken from "interlocutory judgments."  This, however, applies by its terms to interlocutory judgments which can be entered only in "actions." Sec. 2883.  It has no application to interlocutory orders in special proceedings.  They are not judgments, within the terminology of the Code or the statutes authorizing appeals.

*By the Court.*—Appeal dismissed.