SIOUX LAND COMPANY, Respondent, vs. EWING and others, imp., Appellants.

*February 20—March 12, 1912.*

*Evidence: Depositions to perpetuate testimony: Special proceeding: Appealable orders.*

1. An application under secs. 4117–4134, Stats. (1898), to perpetuate testimony, where no action is pending, is a special proceeding.
2. An order appointing a commissioner to take depositions to perpetuate testimony under secs. 4117–4134, Stats. (1898), is not a final order nor one affecting a substantial right, and is therefore not appealable. The order directing the deposition to be recorded is the final order in such proceeding.

APPEAL from an order of the circuit court for Douglas county: FRANK A. ROSS, Circuit Judge.   *Dismissed.*

Pursuant to the provisions of secs. 4117–4134, Stats. (1898), the *Sioux Land Company* made application to the circuit court for Douglas county for the appointment of a commissioner to take depositions to perpetuate the testimony of certain persons named in the petition, relative to the title of lands in which petitioner claimed an interest, so that the same might be used as evidence against all persons, under the provisions of secs. 4130–4134, Stats. (1898).   The court granted the application, appointed a commissioner to take depositions, and refused, in part, to stay proceedings pending

an appeal.　Appellants, who claimed title to the land in question, appeared in the court below, objected to the taking of depositions, and appealed from the order appointing a commissioner.

For the appellants there was a brief by *Catlin, Butler & Lyons* and *S. R. Alden,* and oral argument by *Mr. Alden.*

For the respondent there was a brief by *Grace, Hudnall & Fridley,* and oral argument by *Geo. B. Hudnall.*

VINJE, J.　Is the order appealable?　If it is, it must be because it is "a final order affecting a substantial right made in special proceedings," under subd. 2, sec. 3069, Stats. (1898).　In the instant case no action is pending, so the proceeding cannot be regarded as a provisional remedy under subd. 3 of sec. 3069, for a provisional remedy must always be in, or connected with, an action.　*Noonan v. Orton,* 28 Wis. 386; *Ellinger v. Equitable L. Assur. Soc.* 125 Wis. 643, 648, 104 N. W. 811; *State v. Wis. Tel. Co.* 134 Wis. 335, 113 N. W. 944; *Snavely v. Abbott B. Co.* 36 Kan. 106, 12 Pac. 522; 6 Words & Phrases, 5752; 32 Cyc. 742. Clearly, the application under the statute to perpetuate testimony, where no action is pending, is a special proceeding. Sec. 2596, Stats. (1898).　That being so, is the order appealed from a final order in such proceeding and does it affect a substantial right?　In our judgment, it is neither final nor does it affect a substantial right.　It is not final, because sec. 4133, Stats. (1898), provides that before the deposition shall be ordered recorded the court must find that it was taken according to law and the directions contained in the commission.　Such finding involves the exercise of a judicial act, an application of rules of law and the requirements of the commission to the deposition when returned.　If it be found not to be taken conformably thereto, it cannot be ordered recorded, and if not recorded it cannot be used, since sec. 4134 provides that only depositions taken and *recorded* under the

statute may be used.    So until an order is made by the court directing the deposition to be recorded judicial action has not terminated.    The order allowing the deposition to be taken is merely an intermediate order; the order directing to be recorded is the final one.    No appeal lies except from the final order.    *Jarvis v. Hamilton,* 37 Wis. 87; *In re Schumaker,* 90 Wis. 488, 63 N. W. 1050; *In re Minn. & Wis. R. Co.* 103 Wis. 191, 78 N. W. 753; *Maynard v. Greenfield,* 103 Wis. 670, 79 N. W. 407; *Kingston v. Kingston,* 124 Wis. 263, 102 N. W. 577; *In re Horicon D. Dist.* 129 Wis. 42, 108 N. W. 198.    In *Kingston v. Kingston, supra,* the court said: "A final order in a special proceeding, within the meaning of the statute, is one which determines and disposes finally of the proceeding—one which, so long as it stands, precludes any further steps therein."    Nor does an order appointing a commissioner to take depositions to perpetuate testimony affect a substantial right.    The depositions taken are innocuous till ordered to be, and in fact are, recorded.    The judicial act that gives them power to affect a substantial right is the order directing them to be recorded.    Until that order is made the depositions are useless, they can harm no one, for they cannot even be recorded without an order of the court, much less used.

So we conclude that the order appealed from is neither a final order in a special proceeding nor one affecting a substantial right, and for that reason the appeal must be dismissed; for if the order is not appealable this court acquires no jurisdiction to consider the merits.    *Hyde v. German Nat. Bank,* 96 Wis. 406, 71 N. W. 659; *In re Minn. & Wis. R. Co.* 103 Wis. 191, 78 N. W. 753.

*By the Court.*—Appeal dismissed.