Ajax Rubber Company, Inc., Respondent, vs. Western Petroleum Company of Indiana, Appellant.

*October 15—November 11, 1924.*

*Appeal: Order directing receiver to sell assets: Corporations: How assets may be sold.*

1. Under sub. (1), sec. 3069, Stats., an order directing a receiver, appointed in an action under sec. 3216, to sell the assets of a corporation, is not appealable, though it affects a substantial right, as it does not determine the action nor prevent a judgment from which an appeal may be taken.  p. 75.
2. Neither is such order a final order winding up and disposing of the receivership proceedings, within the meaning of sec. 3216, and hence is not appealable under sub. (2), sec. 3069, as a final order in a special proceeding.  p. 76.
3. The right of appeal exists only where the statute authorizes it.  p. 76.
4. The power to sell the assets of a corporation is vested in the board of directors or other governing body provided for by its articles of incorporation or by-laws or as may be provided by statute; but when a receiver is appointed the administrative act pursuant to which a sale follows devolves upon the receiver, subject to the approval of the court.  p. 77.

Appeal from an order of the circuit court for Milwaukee county: E. T. Fairchild, Circuit Judge. *Dismissed.*

The appeal is from an order authorizing and directing the receiver of the defendant corporation to sell the assets of the corporation in accordance with the terms of an offer submitted by a purchaser.

For the appellant there were briefs by *Barre Blumenthal* of Chicago and *Lines, Spooner & Quarles* of Milwaukee, and oral argument by *James Quarles*.

For the respondent there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Jackson B. Kemper,* of counsel, all of Milwaukee, and oral argument by *Jackson B. Kemper*.

DOERFLER, J.   Pursuant to the provisions of sec. 3216, Stats., the plaintiff commenced an action against the defendant and prayed for the appointment of a receiver and the sequestration of the stock, property, things in action, and effects of such corporation, and upon proceedings duly had in that behalf an interlocutory decree was entered by the court granting the prayer of the plaintiff.

The appellant's contention is that the order from which an appeal is attempted is appealable under the provisions of sub. (1), sec. 3069.   Such section, among other things, provides:

"The following orders when made by the court may be carried by appeal to the supreme court:

"(1) An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken."

Pursuant to sec. 3216 the remedy afforded thereby may be either by an action or by a petition.   The remedy actually pursued was by an action, which was begun by the service of a summons.   If we consider the remedy an action, then the order from which an appeal is attempted is clearly not appealable.   Sub. (1) of sec. 3069 is made applicable to an action by express language used in such subsection. While it must be conceded that the order affects a substantial right, it cannot be said that it determines the action,

nor does it prevent a judgment from which an appeal might be taken.

It was not contended by the appellant that the order is appealable under any of the other subsections of the section referred to. Sub. (2) of sec. 3069 authorizes an appeal where the order is "a final order affecting a substantial right made in special proceedings. . . ." If we assume that the proceeding under sec. 3216 is a special proceeding, then the question arises whether such order is appealable under sub. (2). In *Ernst v. Steamer Brooklyn,* 24 Wis. 616, it is said:

"An action is an ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense; every other remedy is a special proceeding."

Sec. 2629 provides: "A civil action in a court of record shall be commenced by the service of a summons."

Construing said sub. (2), sec. 3069, this court in *Kingston v. Kingston,* 124 Wis. 263, 102 N. W. 577, says:

"A final order in a special proceeding, within the meaning of this statute, is one which determines and disposes finally of the proceeding—one which, so long as it stands, precludes any further steps therein. It bears the same relation to the proceeding in which it is entered as the final judgment bears to an action. 2 Ency. Pl. & Pr. 72; *In re Schumaker,* 90 Wis. 488, 63 N. W. 1050; *Maynard v. Greenfield,* 103 Wis. 670, 79 N. W. 407; *State ex rel. Att'y Gen. v. German Exch. Bank,* 114 Wis. 436, 439, 90 N. W. 570."

The *Kingston Case* was cited with approval in the case of *Sioux L. Co. v. Ewing,* 148 Wis. 600, 135 N. W. 130.

The order of sale in the instant case is not a final order which winds up and disposes of the receivership proceedings.

The right of appeal is a mere statutory right, and exists only where the statute authorizes it. *Petition of Long,*

176 Wis. 361, 187 N. W. 167. The order in question, to be appealed, must bear the same relation to the proceedings in which it is entered as the final judgment bears to an action. In other words, it must be the final action of the court in a proceeding, and must be of the same nature and of the same effect as the final judgment in an action.

Before a corporation is placed in the hands of a receiver, the power to sell the assets of the corporation is vested in the board of directors or such other governing body as may be provided for by the articles of incorporation or the by-laws of the corporation and as may be provided for by the statutes. In such case the sale follows pursuant to an administrative act of the governing body. When a receiver is appointed, such administrative act devolves upon the receiver, subject to the approval of the court. If the order in the instant case be held appealable, then an appeal may be taken from any order made by the court directing a receiver to sell any part of the assets in his possession or under his control as such receiver, and this would result in numerous appeals, which would tend to delay the final winding up of the receivership. The legislative idea with respect to the subsections of sec. 3069 above referred to unquestionably was designed to prevent delays and to facilitate an early disposition of receiverships and other litigation. If a remedy is to be afforded, we must look to the legislature for relief and not to the courts.

We therefore conclude that the order is not appealable. We are aware of the conflict in authorities outside of this state upon the subject, as is shown by *Stokes v. Williams,* 226 Fed. 148, 149, and cases there cited. The decisions of our own court, however, are opposed to the holdings in the *Stokes* and other cases and must govern. It therefore follows that we have no jurisdiction to consider or determine the merits involved.

*By the Court.*—It is ordered that the appeal be dismissed.