### George E. Curtis v. Michael Martz.

*Replevin. Admissibility of evidence. Chattel mortgage, construction of.* In an action of replevin the declaration described certain property as "one wooden statue of an elephant." To sustain the averment two chattel mortgages covering a certain stock of goods, in a store in which said statue was kept, and containing the words "furniture," and "signs," were offered in evidence, under objection. Evidence was also offered, without objection, that said statue was used as a sign in front of the store during the day, and taken in at night.

*Held,* That the mortgages were properly admitted in evidence, and that the

question as to their admissibility was one of construction, for the court only, though it depended upon extrinsic facts to be found by the jury. It was a proper case for a hypothetical charge, in which the jury should be told what would be the true construction, upon the different states of fact which might be found by them.

*Held*, further, that if said mortgages had been introduced without extrinsic evidence, but with an offer to follow them with such evidence as would tend to show the said property was included in said mortgages, the court would have been bound to admit them.

*Held*, further, that the property was clearly included under the word "furniture," in the first mortgage, and under the words "signs and furniture," in the second.

*Heard October 18th.*     *Decided October 23d.*

Error to Wayne Circuit.

This was an action of replevin. The facts were as follows:— September 30th, 1865, the firm of Holly Bros. executed a chattel mortgage to plaintiff (Martz) for $2,400. Holly Bros. having subsequently sold out to S. B. Holly, one of the Bros., he—March 7th, 1866—mortgaged again to Martz for $1,000; possession under both mortgages remaining in mortgagors. March 9th, 1866, Curtis attached the property in question, being a wooden elephant, to secure a debt due him from the Holly Bros., he claiming it was not covered by either of the mortgages. March 10th, 1866, Martz replevied the elephant, claiming it was covered by both said mortgages. Curtis proceeded to judgment in his attachment, and Martz recovered judgment in his replevin suit.

The declaration described the property as "one wooden carved statue of an elephant."

On the trial evidence was offered, without objection, that the said statue was used as a sign in front of the elephantine boot and shoe store of Holly Bros., that it was taken into the store every night, and that boots and shoes were hung upon it.

A chattel mortgage executed by said Holly Bros. to plaintiff, covering the stock of goods in said store, together with the fixtures, "furniture," &c., was then introduced, and admitted under objection.

A second mortgage, executed by S. B. Holly (who had purchased his brother's interest), covering said stock, together

with the "signs, furniture," &c., was then introduced, and admitted under objection.

The defendant then requested the Court to charge the jury, that the question whether the property replevied was included in either of the mortgages was one of intent in the mortgagors, and for the jury to determine.

The Court declined so to do, but charged that the property replevied might be included in the word "furniture," in the first mortgage, and in the words "signs and furniture," in the second mortgage; and to which exception was taken.

The following are the errors assigned in this court:

1st. The court erred in admitting in evidence the mortgage of September 30th, 1865 (for $2,400), and in holding that the property replevied did come within the meaning of the word "furniture," in said mortgage.

2d. The court erred in admitting in evidence the mortgage of March 7th, 1866, for $1,000, and in holding that the property replevied did come within the meaning of the words "signs and furniture," in said mortgage.

3d. The court erred in refusing to charge the jury, as requested by defendant's counsel, "that the question, whether the property replevied was included in either of the mortgages, was one of intent in the mortgagors, and for the jury to determine."

4th. The court erred in charging the jury that the property replevied was included in the word "furniture," or other description of the first mortgage, and in the words "signs and furniture," in the second mortgage.

*H. M. Cheever*, for plaintiff in error.

1. Neither of the mortgages covered the replevied property by name,—"one wooden statue of an elephant." It was not clearly designated, so that there could be no question of its being included. If it was covered by the mortgages, or either of them, it was embraced under some other term or name than that by which it was commonly known. Whether it was

CURTIS v. MARTZ.

included or not was a question of fact, and for the jury to determine. We submit the court had no right to withdraw this question of fact from their consideration. It was not such an admitted or undisputed fact as to make the question one of law, upon which direct instruction ought to have been given. Only on admitted facts, or where no conflict of evidence exists, is such a charge proper. It was an invasion of the province of the jury for the court to assume to decide upon the sufficiency of the evidence.—5 *Mich.* 501.

The court admitted the mortgage of Sept. 30, 1865, and in admitting it held that the word "furniture" included the elephant.

The court also admitted the mortgage of March 7, 1866, and held that the words "signs and furniture" covered the elephant.

We submit it was error thus to hand over to the jury a disputed fact, with a judicial endorsement. If admitted at all, it should have been that the jury might pass upon the question, and say whether the mortgages, or either of them, covered the property in question.

2. We contend that "the question, whether the property replevied was included in either of the mortgages, was one of intent in the mortgagors, and for the jury to determine," and that the court erred in refusing so to charge, as well as in charging the reverse of this proposition.

In a case where the question arose, whether a chattel mortgage embraced a certain article not mentioned by name, this Court sustains the position we take, and says it is a question of intent in the mortgagor.—5 *Mich.* 113.

The fact that the replevied property was not mentioned in either mortgage may have been indicative of fraud in the mortgagors. The question of intent is closely connected with the question of fraud. If a mortgage contain illegal provisions, the court might declare it void upon its face, because no amount of evidence could change it. In other cases the statute might make it *prima facie* fraudulent; and again, if it have

no intrinsic infirmity, it is a question of fact whether it was fraudulent or not. In both the latter instances intent is a fact to be left to the jury.—12 *Barb.* 530; 23 *Wend.* 653; 4 *Hill,* 271; 1 *N. Y.* 499; 1 *Doug. Mich.* 523; 7 *Mich.* 108.

The statute concerning conveyances "made with intent to hinder, delay or defraud creditors," which provides that "the question of fraudulent intent, in all cases, shall be deemed a question of fact and not of law," has received an unequivocal construction, and been held to mean that "the question of intent, and not merely of the facts from which it may be inferred, is a question for the jury."

This is one of those cases where it is especially necessary that the jury should have the utmost freedom of action, unbiased by any suggestions, and unfettered by any instructions, unless clearly within the province of the court. Chattel mortgages are notorious as cloaks of fraud, and too often are drawn in ambiguous terms, to delude honest creditors. The question we desired the jury to determine was a fair one, and fully within their province. By directly instructing them that the mortgages did cover the property in dispute, the court virtually terminated the case.

*Moore & Griffin,* for defendant in error.

The admission of the mortgage in evidence is assigned as error, on the ground that the description of the property therein contained does not include the property described in the declaration. This is a question of intent on the part of the mortgagors.

Such intent is to be discovered from the language used in the mortgage, taken in connection with the facts found.—5 *Mich.* 112.

Taken in connection with the facts found, it is clear that the mortgagor intended to cover by his mortgage the property described in the declaration.

The frequent use of the word *all,* and other comprehensive language, indicate that it was the intention of the mortgagor

to include everything which he owned, in and about the store, and which was in any way connected with his business.

The word "furniture," in its ordinary acceptation, is broad enough to cover all chattels, movables and effects. Used with reference to any employment, trade or business, it includes all the necessary or customary appendages to such trade or business. Such is the definition of Mr. Webster, as given in his dictionary.

This statue of an elephant, though not a customary appendage to boot and shoe stores generally, was a necessary article of furniture in this case to designate this store as the "Elephantine Boot and Shoe store."

It would not be an uncommon use of language in this particular case to speak of this wooden statue as part of the "stock in trade."

There being no dispute as to the facts, whether the property replevied was included in either of the mortgages was a question for the court, and not for the jury, to determine. This is the rule with reference to the construction of all contracts.

CHRISTIANCY J.

The first error assigned is upon the admission of the chattel mortgages. They were objected to on the ground that they did not cover the property replevied, described in the declaration as "one wooden statue of an elephant."

This, as regarded the first mortgage, depended upon the question whether it was included in the term "furniture;" and as to the second mortgage, whether it came under the designation of "signs and furniture." Whether it was so included was a question depending partly upon the written instruments, and partly upon extrinsic evidence, showing the subject matter to which the instrument applied, and the nature and uses of the property here in question. The question of the admissibility of the mortgages was one of construction, for the court only. Had the terms used been such that no extrinsic

evidence could possibly bring the property within them, the court should have excluded the instruments. But we do not think this was the case; nor do we think the court could, without extrinsic evidence, determine by the instruments alone whether the property was intended to be included, or not. And if offered before any extrinsic evidence had been given, the court would have been bound to admit them, if the plaintiff should offer to follow their introduction with such evidence as might tend to show the property was included. But here, the plaintiff had produced that evidence without objection, before the mortgages were offered; and from this it appeared that the property in question was used as a sign in front of the "Elephantine Boot and Shoe store" of the mortgagors; that it was taken into the store every night, and pushed out again in the morning, "boots and shoes being hung over its back and on its tusks and trunk," and having for the extremities of its legs a representation of red top boots.

Construing the mortgages in the light of this evidence, we think they were clearly admissible. If that evidence was true—and on the mere question of the admissibility of the instruments, the court did not err in assuming its truth, as this was no more than deciding upon its tendency—the property we think was clearly included under the word "furniture" in the first mortgage, and "signs and furniture" in the second. There can be no possible doubt that it was included in the word "signs," as that was its principal use; but it was a peculiar kind of sign, and the peculiar manner in which it was used brought it properly within the more general designation of "furniture" of the store. There was, therefore, no error in admitting the mortgages.

The court was requested to charge that the question, whether the property replevied was included in either of the mortgages, was one of intent in the mortgagors, and for the jury to determine. This we think was properly refused. A charge in this general form would have been objectionable, if not clearly erroneous; for, though the question was, in one

CURTIS *v.* MARTZ.

sense, one of intent, it was the intent of the contract, the construction of which belonged to the court, and not to the jury.

If all the facts the parol evidence tended to prove, in reference to the nature and use of the property, had been apparent on the face of the instruments, it would have been the duty of the court to instruct the jury, directly and positively, as to the effect or intent of the instruments, and the duty of the jury to follow that instruction. But such facts did not appear upon the face of the instruments, and it became necessary to resort to the extrinsic evidence to show the subject matter to which they applied, and the uses made of the property, in order to give the instruments their true construction; in other words, to ascertain their intent. Had these facts been ascertained, by special verdict or otherwise, it would have been the duty of the court to construe the instruments in connection with, and in the light of such facts, in the same manner as if expressed upon their face. As they had not been thus ascertained, they could only be ascertained by the jury on the trial; and, when thus ascertained, they were to have their due weight upon the construction of the instruments. But this construction still belonged to the court. The court could not find the facts, nor could the jury construe the instruments, even in the light of the extrinsic facts they should find, except according to the instructions of the court.

It was, therefore, a proper case for a conditional or hypothetical charge. The jury should have been told (in substance) what would be the proper construction of the mortgages upon the different states of facts which might be found by them.— *Neilson and others v. Harford,* 8 *M. & W.* 806–823; *Wason v. Rowe,* 16 *Vt.* 525; *Chitty on Cont.* 73. The case of *Curtis v. Phillips,* 5 *Mich.* 112, cited by plaintiff in error, is not in opposition to this view. That was a case, under the statute, referred to the decision of this court upon *both* the *facts* and the *law.*

The court in the present case did not assume to decide the facts nor to withdraw them from the jury, but, in answer to

14 MICH.—2 Q.

the erroneous request just mentioned, charged that in his judgment the property replevied might be included in the word "furniture," or other description of the first mortgage, and "signs and furniture" in the second. This properly left the facts to the jury. The charge was strictly correct so far as it is set forth upon the record; and, as the whole charge does not purport to be given, we must assume that the rest of the charge was unexceptionable, and in accordance with the law as above explained.

The judgment of the court below must be affirmed, with costs, to the defendant in error.

The other Justices concurred.