### Philip J. Keller v. Emerson Rhodes.

1. BILL OF SALE—*What Passes.*—A bill of sale of an entire stock of goods contained in a building named, together with the fixtures and furniture therein, is sufficient to pass the title to the fire proof safe used in the store.

Replevin.—Appeal from the County Court of Moultrie County; the Hon. J. D. PURVIS, Judge, presiding. Heard in this court at the November term, 1895. Reversed and remanded. Opinion filed December 6, 1895.

J. R. & WALTER EDEN, attorneys for appellant.

MEEKER & MEEKER, attorneys for appellee.

Mr. Presiding Justice Pleasants delivered the opinion of the Court.

This was an action of replevin brought by appellee before a justice of the peace to recover a fire and burglar proof safe, said to be worth sixty-eight dollars. On appeal to the County Court plaintiff obtained judgment, and defendant, by further appeal, brings the case here.

Feeling bound to reverse this judgment on the facts proved, we proceed to state them as they appear from abundant and uncontradicted evidence.

On April 11, 1894, the stock of goods with the safe in controversy then in appellee's store at Sullivan, were in possession of the sheriff, under a chattel mortgage and several executions against him. In the afternoon of that day he executed to Edna F. Keller a bill of sale by which for the express consideration of $1,300, including the amount of the liens mentioned, he sold and transferred to her " the following described goods and chattels, to wit: the entire stock of groceries, queens and glassware, tobaccos, cigars, candies, canned goods, flour, and in fact the entire stock of goods contained in the Titus building, known as the Opera House, on the north side of the public square in Sullivan, Illinois, together with the fixtures and furniture therein." This business was done with appellant, acting for and in the name of said Edna, his daughter. On the next morning he paid to the sheriff, for her, the full amount due on the mortgage and executions, with all the costs; and thereupon, in the presence of appellee and others, he gave to appellant, for her, the keys of the store and turned over to him the stock and contents. A few days afterward, a partnership having been formed between said Edna and H. L. Keller, appellee opened the safe for them, took out his papers, left the keys of the inner drawers inside and gave them the combination in writing; and thereafter from April 19, 1894, they had possession of the stock and store and carried on the business under their firm name of E. F. Keller & Co. Appellant assisted therein, but openly and only as the agent of his daughter, and appellee so understood.

About two months after the transfer was so made appellee caused a written demand for the safe to be served upon appellant, who then denied that it was in his possession and said it belonged to the firm. When the constable came with the replevin writ, H. L. Keller, one of the firm, told him it belonged to them and forbade his taking it.

Appellee testified that he bought it of the Cary Safe Co., of New York, but with the understanding that the right of property should remain in the company until he paid for it, and that he had not paid for it; and that when the trade was made, and again some days afterward, he told appellant that "the safe didn't go." Another witness stated that he was present when the sheriff turned over the goods, and there heard Mr. Rhodes say "the safe don't go." But he added that he saw only one safe in the room, and thought the one he saw was Mr. Frazer's; and on cross-examination said: "I understood there was but one safe reserved." It appears from the testimony of both the parties that besides the one in controversy there was another in another part of the room and that on it Mr. Frazier's name was painted. Since appellee did not claim that more than one was in any way reserved, it is probable that if he ever stated as he testified he referred to Frazer's.

All of this parol evidence as to the reservation was objected to when offered, upon the specific ground stated, that the bill of sale was conclusive of what was sold, and exception taken to its admission.

Appellant denied that he ever heard of any reservation of the one in question until about two months after the sale. H. L. Keller and the sheriff testified that they heard of none when the latter turned over the goods. Appellee's own act in giving the keys and combination to E. F. Keller & Co. contradicts him, and conclusively, since he never pretended that he loaned or leased it to the firm. But we think no contradiction on that point was needed, because the parol evidence, having been improperly admitted, is to be considered as out of the case. The safe was in the store, where appellee, whose name was painted on it, had used it in

connection with the business for keeping the books of account, other papers, and money received in the course of his trade. Such an article was shown and is known to be a proper, convenient and common one in the equipment of such a store, and was therefore clearly within the description of " furniture." These facts fully identified the subject-matter, and there was no ambiguity in the instrument by which it was transferred.

We find in the case no competent evidence tending to prove that appellant wrongfully took or detained the safe; that when the suit was brought he was in possession of it, or that appellee then had or thereafter acquired any right of property in it or to possession of it. The verdict therefore should have been set aside. For error in refusing to allow the motion to that effect the judgment will be reversed and the cause remanded.