HARTBERG, Plaintiff and Respondent, vs. AMERICAN FOUND-
ERS SECURITIES COMPANY, Defendant and Respond-
ent, OSCAR E. SCHWEMER as Receiver: WATER WIS-
CONSIN COMPANY, Intervening Defendant and Appel-
lant.

*May 10—June 6, 1933.*

For the appellant there were briefs by *Royal M. Johnson,* attorney, and *Styne & Litow, Max Litow* and *James D. Motzeff* of counsel, all of Milwaukee, and oral argument by *Mr. Motzeff.*

For the respondent Schwemer as receiver there was a brief by *Alexander, Burke & Clark,* attorneys, and *Frank*

*P. Burke* and *Giles F. Clark* of counsel, all of Milwaukee, and oral argument by *Mr. Burke*.

FRITZ, J.  The receiver contends that the order denying the claim of the Water Wisconsin Company is not an appealable order, and cites *Ajax Rubber Co. v. Western Petroleum Co.* 185 Wis. 74, 200 N. W. 668, in support of that contention.  That case is not in point.  It is true that that was also an action for sequestration, and that the court had likewise ordered a sale by the receiver of the property of the defendant judgment debtor.  However, only that defendant appealed from that order.  No person, who had theretofore been a stranger to the action, had petitioned, as in the case at bar, for leave to intervene and institute proceedings to contest the right of the receiver to sell certain property, as part of the assets of the estate under administration, and to recover that property from the receiver.  Such proceedings on intervention are substantially independent suits.  Each asserted claim or demand is a complete right of action in itself, separate and distinct from all others, and the order allowing or rejecting the same finally affects a substantial right, independently of the judgment in the principal action.  High, Receivers (4th ed.) § 254*c;* Elliott, Appellate Procedure, § 99.  In the case at bar, as in *State ex rel. Att'y Gen. v. German Exchange Bank,* 114 Wis. 436, 90 N. W. 570, the order appealed from was not entered between the original parties to the action.  It was entered in a special proceeding instituted in that action on the intervening petition of the Water Wisconsin Company, which appeared for that purpose only, in that action.  Consequently, as was said in that case:

"If the action were to proceed to judgment, an appeal therefrom would not bring the order up for review.  That terminated the special proceeding.  It affected a substantial right.  Therefore it is appealable under the plain language

of sub. 2, sec. 3069, Stats. 1898 (sec. 274.33 (2), Stats. 1931), unless it must be held otherwise upon the ground that the order was proper in the exercise of judicial discretion."

In *Weber v. Weber*, 90 Wis. 467, 476, 63 N. W. 757, similar orders were likewise held appealable.

The carpet in question had been purchased by the American Founders Securities Company for its use in an office, which it leased from the Water Wisconsin Company. The lease provided:

"That all alterations, additions, fixtures and improvements whether temporary or permanent in character (except only the movable office furniture of the lessee), made or installed in or upon said premises, either by the lessee or lessor, shall be the lessor's property. . . ."

To hold the carpet in place, the lessee had tacked it to wooden strips, which had been provided by the lessor. Those strips were nailed to wooden plugs, which had been inserted by the lessor in holes, one and one-half inches deep, one-half inch wide, and ten inches apart, which had been drilled for that purpose in the concrete floor. The carpet could be removed by detaching it from the wooden strips. In that event, another carpet could be fastened to the strips, or they and the plugs could be removed and the holes refilled with concrete.

It is well established that, between landlord and tenant, or one in temporary possession of lands under any agreement, whatever, for the use of the same, the law is extremely indulgent to the latter with respect to the figures annexed for a purpose connected with such temporary possession. The controlling test as to whether fixtures are removable by the lessee or whether they belong to the landlord, as part of the realty, is the intention of the parties at the time of the attachment of the fixtures to the premises, in the absence of superior rights of third parties. Accession to the realty

must affirmatively appear, and the tenant needs no express stipulation to give him the right to remove the fixtures. *Shields v. Hansen,* 201 Wis. 349, 352, 230 N. W. 51; *Zimmerman v. Treleven,* 192 Wis. 214, 216, 212 N. W. 266, and cases cited; *Wiggins Ferry Co. v. Ohio & Miss. R. Co.* 142 U. S. 396, 12 Sup. Ct. 188, 35 Lawy. Ed. 1055.

In the case at bar, the terms of the lease itself expressly evidence the intention that "the movable office furniture of the lessee" is excepted from the provision in the lease that, otherwise, alterations, additions, fixtures and improvements made or installed either by the lessee or lessor shall be the latter's property. The exception which is expressly provided for as to "movable office furniture" is applicable to the carpet under consideration.

The word "furniture" is defined, in Webster's New International Dictionary, as "That with which anything is furnished or supplied; supplies; outfit; equipment. Articles of convenience or decoration used to furnish a house, apartment, place of business or of accommodation." "Carpets" are included in "furniture" as thus defined. *Reynolds v. Iowa and Nebraska Ins. Co.* 80 Iowa, 563, 568, 46 N. W. 659; *Patrons' Mutual Aid Society v. Hall,* 19 Ind. App. 118, 126, 49 N. E. 279; *Ruffin v. Ruffin,* 112 N. C. 102, 107, 16 S. E. 1021; *Bell's Administratrix v. Golding,* 27 Ind. 173, 179; *State v. Segel,* 60 Minn. 507, 509, 62 N. W. 1134. The word "movable" is defined as "capable of being moved, lifted, carried, drawn, turned or conveyed, or in any way made to change place or posture; susceptible of motion; not fixed." Webster's Unabridged Dictionary. As the carpet in suit was capable of being moved, lifted, carried, etc., it was clearly "movable office furniture," and as it was originally the property of the lessee, it did not become property of the lessor in view of the intention of the parties, as expressed in the lease.

Furthermore, even in the absence of that express exception in the lease as to movable office furniture, the manner in which the carpet was tacked to the wooden strips, which were provided by the lessor for that purpose, and from which it could readily be removed, without material injury to the strips or the floor, left the tenant free to remove the carpet under the rule that—

"In general . . . what a tenant has added he may remove, if he can do so without material injury to the premises, unless he has actually built it in, so as to make it an integral part of what was there originally." McAdam, Landlord and Tenant, p. 801.

As this court said in *Hanson v. Ryan,* 185 Wis. 566, 568, 201 N. W. 749:

"Tenants should not be discouraged from making improvements for their own use temporarily by forfeiting their right to remove articles when such removal causes no injury to the land."

*By the Court.*—Order affirmed.