WELTER, Respondent, vs. CAPPONI, Appellant.

*March 10—April 13, 1943.*

For the appellant the cause was submitted on the brief of *Lyman K. Arnold* of Elkhorn.

For the respondent there was a brief by *Trinke & Raup* of Lake Geneva, and oral argument by *William T. Trinke.*

WICKHEM, J.   Prior to June 7, 1939, plaintiff was the owner of a refreshment stand and its contents.   By arrangement with the chairman of the property committee of the Walworth county board, plaintiff moved this stand to certain county land.   It appears that plaintiff wanted to try out the location to see whether he could profitably operate a seasonal refreshment business at that place, and if successful, he proposed to make a bid to Walworth county for a portion of the

county land. Plaintiff did make a bid for the forty acres which included the spot upon which the building was located, but defendant bid to purchase a larger amount of land and his bid was accepted. In accordance with warnings from the county chairman of the property committee, plaintiff left under the building the skids upon which it was moved. Defendant had observed the building on the land prior to making the bid, but such observations as he made were from the road as he drove past in his car. He claims not to have seen the skids because the grass had grown up and not to have seen the "no trespassing" signs which the plaintiff had put upon the building and which indicated his ownership.

Defendant claims that in the absence of any action by the county board of Walworth county, plaintiff was nothing but a trespasser, and that as between plaintiff and a subsequent purchaser of the land, he has no standing to assert ownership or to remove the building. *Huebschmann v. McHenry,* 29 Wis. 655, is cited by defendant to support his position. That, however, was an action between the landowner and a trespasser who entered under a claim of right adverse to the true owner. It appears to us quite clearly upon the record and the stipulation that the plaintiff was in no such position. There is, indeed, no showing that it was *ultra vires* for the chairman of the committee to permit the plaintiff to put his property upon the land. He put it there under full recognition of the county's title, with the hope that he might acquire the land if the enterprise proved successful, and the understanding that he could remove it if it did not. As between the county and the plaintiff, plaintiff could certainly remove the building. There was no such physical annexation as would make it a part of the real estate itself, and while this is not always a controlling consideration, it is of importance when taken in connection with the understanding between plaintiff and the chairman of the property committee. In *Hartberg v. Ameri-*

*can Founders Securities Co.* 212 Wis. 104, 107, 249 N. W. 48, this court said in speaking of the situation as between landlord and tenant :

> "It is well established that, between landlord and tenant, or one in temporary possession of lands under any agreement, whatever, for the use of the same, the law is extremely indulgent to the latter with respect to the fixtures annexed for a purpose connected with such temporary possession. . . . Accession to the realty must affirmatively appear, and the tenant needs no express stipulation to give him the right to remove the fixtures."

So far as defendant is concerned, we do not deem him an innocent purchaser for value without notice of the understanding between plaintiff and the owners of the land. The building was on skids. It was a small structure of the sort frequently moved from one location to another, and had there been any sort of adequate observation by defendant, its temporary location on the premises, as well as plaintiff's ownership of it, would have been discovered. Defendant never inspected the premises, and made merely casual observations from the road as he passed in his car. He cannot now be heard to claim that the appearances created by plaintiff were reasonably calculated to mislead him.

*By the Court.*—Judgment affirmed.