## FUSON v. WHITAKER et al.—190 S. W. (2d) 305.

Eastern Section.  August 9, 1945.

Petition for Certiorari denied by Supreme Court, October 6, 1945.

W. I. Davis and J. R. Ketron, both of Tazewell, for appellant.

A. G. Shumate, of Tazewell, for appellee.

BURNETT, J. In this case we are asked to answer one question, namely:

As between mortgagor and mortgagee or their privies, who is entitled to certain trade fixtures (in this case wall cases) which were in the building at the time the mortgage was placed thereon, after the mortgage is foreclosed?

The Chancellor found in favor of the mortgagor because "none of these wall fixtures are fastened to any part of the building, and that they can be removed without any injury to said building, although they were purchased to be used in same, and can be moved and used in other buildings."

The pertinent facts are: Dr. T. S. Fuson built a drug store some twenty-five years ago and in building this store he provided office space for himself in the rear thereof with living quarters on the second floor. At first there were built in wall cases but after a few years these were replaced with modern wall cases for a drug store. He sold to a brother the durg store, including drugs, tables,

soda fountain, etc., but did not sell these wall cases. The drug store was then operated by the brother, the doctor (a practicing physician) retaining a small interest therein. From time to time it became necessary for the doctor to have money. He obtained this by securing loans on the drug store building. He had borrowed some money from the appellants, i. e., their deceased wife and mother. He apparently was not able to repay this money when in 1932 he persuaded Mrs. Whitaker to increase his loan. In getting this increase he, in addition to telling her the value of the building, told her what he had in these wall cases and a modern heating plant. These wall cases were not attached to the building but were bought for it so that he might have a modern up to date drug store. We think it clearly inferable that he considered these wall cases part of the building. They were bought for the building which was built for a drug store. He did not sell them but expressly reserved them when he sold the drugs, etc.

On August 20, 1932, Dr. Fuson executed a mortgage to Mrs. Connie Whitaker in the sum of $5,139.29 as security for said loan he conveyed her: ''Lot No. 9 Block No. 'D' to the town of Cumberland Gap, Tennessee, with all improvements thereon.'' The mortgage states on the face thereof that it ''is a third mortgage on the said property.''

Both Dr. Fuson and Mrs. Whitaker died in 1943. The mortgage had not been paid. Suit was instituted by Mrs. Whitaker's administrator to foreclose the mortgage. A decree was rendered against the Fuson estate on the mortgage for $8,579.18 and the property ordered sold to satisfy this decree. At the first sale Mrs. Fuson bought in the property but she was not able to finance the purchase and the property was resold. At this sale the appellants purchased the property for some $2,000 less than

their debt. The property was conveyed to them. The instant suit was brought by Mrs. Fuson, she claiming the wall cases were personalty and that they did not pass in the sale. She asks that these wall fixtures be decreed her as a part of a year's support.

■ At common law the method of annexation seems to have been the criterion for determining whether or not a fixture was personalty or realty. Practically all modern decisions have gotten away from this test and as between mortgagor and mortgagee or vendor and purchaser the usual tests applied are: ''(1) Annexation to the realty, either actual or constructive; (2) *adaptation or application to the use or purpose* to which that part of the realty to which it is connected is appropriated; and (3) intention to make the article a permanent accession to be the freehold.'' (Emphasis supplied.) 22 Am. Jur., p. 715, sec. 3.

The rule or test as between landlord and tenant is just the opposite. The law is extremely indulgent to the tenant and before a fixture is determined to be part of the realty it must affirmatively appear that the fixture was affixed to the realty. Hartberg v. American Founders' Securities Co., 212 Wis. 104, 249 N. W. 48, 91 A. L. R. 536. This distinction is recognized by our Supreme Court in Knoxville Gas Co. v. W. I. Kirby & Sons, 161 Tenn. 490, 32 S. W. (2d) 1054.

''The rule for determining what is a fixture is construed strongly against the mortgagor or vendor and in favor of the mortgagee or purchaser . . .'' 36 C. J. S., Fixtures, sec. 43, p. 985.

■■ Applying these tests to the facts of each case it becomes largely a mixed question of law and fact as to whether a fixture is realty or personalty. We must consider whether or not the owner intended to affix the fix-

tures permanently to the premises. In considering this we must take into consideration the nature of the fixture, the manner of its attachment, its essential relation or necessity to the business, and the fact that the annexor owned both the premises and the fixtures at the time of their installation. In the instant case Dr. Fuson owned the building which was built for a drug store; the fixtures were purchased and made to properly set up this building as a drug store; without them the building is incomplete as a drug store. In modern times there are manufacturers who make different fixtures for different kinds of business,—drug stores, jewelry stores, etc. The day of the old wall shelves is over. Each business has built for it a special kind of wall fixture to suit his business. This was done for this building and when the drug department passed out of Dr. Fuson's hands these wall fixtures were expressly excepted. We think at least the reason for this exception was because it was his intention to make them a part of the building.

Of course the wall cases were not an integral part of the permanent building and they could be removed without physical injury to the building, "but these circumstances do not militate against the conclusion that at the time of installation" the cases and building "were a single whole in the contemplation of the law." Re Theodore A. Kochs Co., 7 Cir., 120 F. (2d) 603, 606, 136 A. L. R. 1280, 1284.

Under the facts of the instant case there is an unrefuted inference that it was the intention of the mortgagor to include these fixtures as a part of the building. We are referring to the evidence that Dr. Fuson in arranging this loan argued in behalf thereof the value of these fixtures. Another very persuasive indication that they were included as a part of the building

is that this was a third mortgage and he was behind in interest payments on a preceding mortgage to the same mortgagee. The mortgage was likewise an increase over the old one. Under these facts we think it was clearly intended by the mortgagor to include these fixtures as a part of the "improvements" under the mortgage. It was his intention that these fixtures become a part of the drug store building.

Under the tests above outlined many courts of varied jurisdictions have held that similar fixtures become part of the realty and passed to the mortgagee or purchaser under a foreclosure sale. See 26 C. J., page 726, notes 82 and 83; 36 C. J. S., Fixtures, sec. 45, note 36, respectively.

For the reasons expressed herein the decree of the Chancellor is reversed. The costs of this court and the chancery court are taxed against the appellee and her surety on her prosecution bond.

Hale and McAmis, JJ., concur.