(C. D. 1373)

St. Francis Xavier Church v. United States

United States Customs Court, First Division

(Decided November 28, 1951)

*Oliver & Donnally* (*Fred N. Oliver, Harry Evans Proctor,* and *Joseph W. Keena* of counsel) for the plaintiff.

*Charles J. Wagner,* Acting Assistant Attorney General (*Joseph E. Weil* and *Richard E. FitzGibbon,* special attorneys), for the defendant.

Before Oliver, Cole, and Mollison, Judges

Mollison, Judge: In this case counsel have stipulated and agreed as follows:

(1) The subject articles of this case were purchased as and are being used as church pews and pew fronts by the Church of St. Francis Xavier at Winooski, Vermont;

(2) The subject articles of this case were invoiced as and are one hundred and seventy six (176) church pews and thirty (30) feet of pew front, all made of wood;

(3) The importer was the plaintiff herein, the Church of St. Francis Xavier, Winooski, Vermont;

(4) The subject articles of this case were manufactured in and imported from St. Hyacinthe, Canada;

(5) The date of the entry of the subject articles of this case was February 8, 1948;

(6) Said merchandise was classified by the Collector of Customs under Paragraph 412 of the Tariff Act of 1930 as modified by T. D. 51802 as manufactures of wood not specially provided for dutiable at 25% and was claimed by the protestant to be dutiable under the same paragraph of the same Act at 12½% as furniture; and

(7) Said church pews and pew fronts were intended to be and have been secured to the floor of the Church of St. Francis Xavier, Winooski, Vermont, by metal screws and are used by the congregration of said Church as seats during religious services.

From the briefs filed on behalf of the parties, it clearly appears that the reason the articles here in question were excluded from classification under the provision in paragraph 412, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, for—

Furniture, wholly or partly finished, and parts thereof, wholly or in chief value of wood, and not specially provided for: * * * Other furniture [than chairs] * * *

was because of the fact that after importation they were secured to the floor of the church with metal screws. Therefore, it is said, they are not movables, and the following definition is quoted from the Century Dictionary as establishing the synonymity of "furniture" and "movables":

Furniture. (1) In general, that with which anything is furnished or supplied to fit it for operation or use; that which fits or equips for use or action; outfit; equipment; as furniture of a war horse, or of a microscope; table furniture * * * *movables* required for use or ornament in a dwelling, a place of business or of assembly, etc. [Definition, including italics, quoted from defendant's brief.]

Examination of lexicographic authorities reveals that the term "furniture" is not limited to "movables," but that the latter form a special class of the former. Each definition of the term examined, including that heretofore quoted from the defendant's brief, gives a primary meaning of the term as embracing articles with which a place is furnished, and a secondary meaning which embraces movables or movable articles. Thus, Webster's New International Dictionary, 2d ed., 1945, after giving certain obsolete and archaic meanings, as well as certain technical meanings not applicable hereto, gives the following definition of the noun "furniture":

**6.** Articles of convenience or decoration used to furnish a house, apartment, place of business or of accommodation, etc.; esp., movable articles such as chairs, tables, beds, cabinets, desks, stoves, etc.; as, parlor *furniture*; kitchen *furniture*; office *furniture*;—usually distinguished from the fittings, or permanent adjuncts, such as gas fixtures, sanitary appliances, etc.

That pews and pew fronts are articles of convenience used to furnish churches is beyond question, and they therefore fall within the general scope of the term "furniture." Furthermore, we are satisfied that the fact that after importation the pews and pew fronts were secured to the floor of the church by means of metal screws did not destroy their character or affect their nature as furniture. In this connection, see *Hartberg* v. *American Founders' Securities Co.*, 212 Wis. 104, 249 N. W. 48, 91 A. L. R. 536, wherein it was held that office carpet, tacked to strips nailed to wooden plugs in a concrete floor, was "movable office furniture" within the terms of a lease authorizing a lessee to remove movable office furniture. This case is also particularly applicable to the situation at bar in view of the fact that it was held that even though the carpet was secured to the floor as above described it was, nevertheless, "movable."

See also *Commercial Finance Company* v. *Brooksville Hotel Company*, 98 Fla. 410, 123 So. 814, 64 A. L. R. 1219, wherein it was held that—

Articles of furniture are not fixtures, though attached to the building.

It would appear that defendant's position is based upon a conception that the pews and pew fronts at bar are of the nature of those objects which, when attached or annexed to realty, lose their character as personalty and become part of the realty, so that title thereto, in the absence of specific reservation, passes with the realty.

It is a fact, however, that in their condition as imported (which is the condition on the basis of which classification must be made) the pews and pew fronts at bar were entirely movable and were not secured to any realty. It is the act of securing, and, moreover, the securing in such a manner that removal would involve damage to the realty, which causes an article which might otherwise be an article of personal property to assume the character of real property. No such situation obtained as to the pews and pew fronts in issue upon their importation.

We are therefore satisfied that the law of fixtures, i. e., that branch of the law of property which involves the principles and rules for determining the title to chattels when annexed, affixed, or attached to real property, has no application to the determination of the question here presented.

For the reasons above stated the protest claim for duty at the rate of 12½ per centum ad valorem under paragraph 412 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, is sustained, and judgment will issue accordingly.