(C. D. 2203)

FABRY ASSOCIATES, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided September 30, 1960)

*Siegel, Mandell & Davidson* (*Sidney Mandell* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Margaret M. Vallerie* and *Murray Sklaroff*, trial attorneys), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

MOLLISON, Judge: Although the protest at bar is directed against the assessment of duty at the rate of 16⅔ per centum ad valorem on "bookshelves and all other items assessed at the same rates of duty," it has been limited by counsel for the plaintiff to the items imported in sets or units and which are identified on the invoices covered by the entries involved as LS20, LS30, LS53, 2, and 4.

Such merchandise was assessed with duty at the rate of 16⅔ per centum ad valorem under the provision in paragraph 412 of the Tariff Act of 1930, as modified by T.D. 52373 and T.D. 52476, for—

Manufactures of wood or bark, or of which wood or bark is the component material of chief value, not specially provided for:

\* \* \* \* \* \* \*

Other [than certain manufactures not here involved] \* \* \*.

It is claimed to be entitled to classification under the provision in said paragraph 412 of the act, as modified by T.D. 54108, for—

Furniture, wholly or partly finished, \* \* \* wholly or in chief value of wood, and not specially provided for:

\* \* \* \* \* \* \*

Other [than chairs],

with duty assessment at the rate of 11½ per centum ad valorem.

The items involved consist of sets of parts, imported in knocked-down condition, which, when assembled, may be fastened to walls and used as shelves for books, decorative items, radios, plants, etc. Certain of the shelves are so made that drawers, supplied with the set, may be fitted to the under side. Each set consists of one or more shelves, with or without a drawer, as the case may be, two plastic coated metal brackets, and plugs, screws, etc., for fastening the metal brackets to walls.

Each shelf, with or without drawer, has attached to it, as imported, two fixed hooks and two hinged hooks. These are used to fasten the shelves to the brackets after the latter have been attached to the wall. Inasmuch as the brackets have three or more levels to which the shelves, etc., may be fastened, various types of adjustments or arrangements may be made by the owner to suit his needs or fancy.

The plaintiff contends that the imported articles consist of furniture designed to be hung on walls and are specifically provided for under the provision for furniture, other than chairs, under which claim is made. The defendant contends that the articles are house furnishings rather than furniture and, in the absence of more specific tariff provision therefor, are covered by the general provision for

manufactures of which wood is the component material of chief value under which they were assessed.

We think it may be fairly said that the evidence establishes that the articles to which the protest is limited are used for the same purposes as bookcases, book shelves, night and telephone stands, and the stands or shelves used for holding a wide variety of objects, all having legs or portions which rest upon the floor, which are commonly found in homes or offices and which are commonly regarded as furniture. The only difference between those articles and the articles at bar is that the latter are designed to be attached to the wall rather than to rest upon the floor.

Although it is suggested in the brief filed on behalf of the defendant that the articles are designed as much for the ornamentation of walls as for utility in holding the objects placed thereon, we do not find this suggestion to be borne out by examination of the testimonial record or of the exhibits.

It has been held that the term "furniture" is one of broad signification (*Necchi Sewing Machine Sales Corp.* and *Barian Shipping Co., Inc.* v. *United States*, 30 Cust. Ct. 1, C.D. 1489), and one which is not limited to what might be termed the usual or conventional kind of furniture (*Decorative Imports* v. *United States*, 43 Cust. Ct. 31, C.D. 2099). It embraces articles of utility which are designed for the use, convenience, and comfort of the dweller in a house (*Morimura Bros.* v. *United States*, 2 Ct. Cust. Appls. 181, T.D. 31941) or the occupier of a place of business. "Furnishings," on the other hand, are subsidiary adjuncts and appendages designed for the ornamentation of a dwelling or business place, or which are of comparatively minor importance so far as use, comfort, and convenience are concerned (*Morimura Bros.* v. *United States, supra*). We are satisfied that the articles at bar fall into the category of "furniture," rather than that of "furnishings."

Moreover, the fact that articles of furniture may be affixed more or less permanently to the place wherein they are used does not alter their character as furniture. *St. Francis Xavier Church* v. *United States*, 27 Cust. Ct. 215, C.D. 1373.

On the record presented, we find the articles to which the protest has been limited to be "furniture" within the meaning of the term, as used in paragraph 412, *supra*, as modified. As such, they are more specifically provided for under the provision for furniture than under the provision for manufactures in chief value of wood, under which they were classified.

To the extent indicated, the protest claim is sustained, but as to all other merchandise it is overruled. Judgment will issue accordingly.