**In re William A. CARLYLE, d/b/a Edgewood Rock & Gift Shop, Debtor.**

**Bankruptcy No. 381–01274.**

United States Bankruptcy Court, C. D. Illinois.

Sept. 3, 1982.

Brent D. Holmes, Harlan Heller, Ltd., Mattoon, Ill., for plaintiff-debtor.

Stephen T. Cullison, Vandever & Vandever, Hillsboro, Ill., for defendant Montgomery County Nat. Bank.

OPINION AND ORDER

BASIL H. COUTRAKON, Bankruptcy Judge.

The Debtor, William A. Carlyle, operated a business in Hillsboro, Montgomery County, Illinois known as Edgewood Rock & Gift Shop. The business sold rocks and various gifts to the public. The Montgomery County National Bank (hereinafter, the Bank) held a real estate mortgage upon the business premises. On or about September 10, 1979, the Montgomery County National Bank obtained a security interest in certain property of the business as collateral for a note and filed a financing statement with the Secretary of State on September 12, 1979.

The relevant portion of the financing statement describes the collateral as:

furniture, fixtures, inventory of Edgewood Rock & Gift Shop now owned and hereafter acquired.

The Security Agreement also describes the collateral as:

furniture, fixtures, and inventory now owned and hereafter acquired

along with a pick-up truck.

After the debtor filed his voluntary Petition in Bankruptcy, the bank took possession of a cactus plant, a rock saw and a cash register from the business premises. The debtor, however, had claimed those items as part of his personal property exemptions. The parties having settled the controversy concerning the rock saw and the cactus plant (now deceased), now bring the matter of the cash register before this Court for determination.

The issue is whether or not the cash register is included among the furniture, fixtures and inventory over which the bank has a perfected security interest. If it is not among those described items then the debtor may indeed claim the cash register as exempt personal property.

■ The cash register can not be said to constitute a fixture as there is no attachment or real relation to the real estate. Ill.Rev.Stat., 1981, ch. 26 § 8–313. Likewise it can not be inventory as it does not meet the definition for that category. Illinois Rev.Stat., 1981, ch. 26 § 9–109(4).

The ultimate question then is whether or not a cash register, used in the normal operation of a business, can be said to be "furniture."

As there is a dearth of Illinois cases explaining the term furniture, the Court must do some interpretation of its own. The only Illinois case the Court could locate was the 1895 Appellate Court case cited in the bank's brief as *Keller v. Rhodes*, 64 Ill.App. 36 (3rd District, 1895).

In that case a safe was held to constitute "furniture" sold by a bill of sale. The Illinois Court held the safe to be furniture as it was used ". . . in connection with the business . . ." and as it "is known to be a proper, convenient and common one in the equipment of such a store . . ." Id. at 39. The few subsequent cases citing *Keller* have not been helpful.

The bank contends that *Keller* stands for the proposition that furniture denotes more than mere chairs and tables but also refers to those articles used in the routine operation of the business. This Court questions whether or not the term is intended to be used so broadly in current commercial transactions. In fact the bank would have the Court view the term "furniture" as being virtually synonymous with the term "equipment."

The cases from other jurisdictions that the bank has cited do not fully support the expansive view of the term "furniture." *Hartberg v. American Founders' Securities Company*, 212 Wis. 104, 249 N.W. 48, 91 A.L.R. 536 (Wisconsin Supreme Court, 1933); *Chicago, B.Q.R. Co. v. Feintuch*, 191 F. 482, 487, 112 C.C.A. 126; *Curtis v. Martz*, 14 Mich. 506. The office carpets, showcases and wooden elephant of those cases served at least as well in a function for decoration or comfort. That they might have also served a business purpose (the wooden ele-phant for advertising and display) is not a reason to make "furniture" and "equipment" mutually inclusive. Tables, carpets, chairs and lamps used in most retail establishments serve the business, but do so in a different way than would a lathe, a hammer or a saw. Hence the need for a distinction.

In current usage the term "equipment" encompasses a wide variety of goods used in a business. The Uniform Commercial Code defines goods as equipment

... if they are used or bought for use primarily in business (including farming or a profession) or by a debtor who is a non-profit organization or a governmental subdivision or agency or if the goods are not included in the definitions of inventory, farm products, or consumer goods; Ill.Rev.Stat., 1981, ch. 26 § 9–109(2).

The Uniform Commercial Code Comment notes that if a good is not included in any other category of § 9–109 then it is considered "equipment." S.H.A. ch. 26, § 9–109, note 5.

Perhaps then in a sense all furniture is equipment, but the converse is certainly not true. The best definition this Court has seen is in Black's Law Dictionary which stated that furniture is ". . . whatever must be supplied to a house, a room, place of business, or public building or the like, to make it habitable, convenient, or agreeable . . ." Black's Law Dictionary 608 (rev. 5th ed. 1979)

■ A cash register is certainly equipment. See *National Cash Register Company v. Firestone and Co.*, 346 Mass. 255, 191 N.E.2d 471. Yet when the parties to a security agreement speak of furniture this Court holds that today their reasonable understanding as to what was conveyed could not have included a cash register. There is just not the "habitable, convenient or agreeable" nature of furniture in a cash register.

It is hereby Ordered that the Montgomery County National Bank return the cash register to William A. Carlyle as part of his claimed personal property exemptions.