(C. D. 1489)

Necchi Sewing Machine Sales Corp. Barian Shipping Co., Inc. } v. United States

United States Customs Court, First Division

(Decided December 23, 1952)

*Barnes, Richardson & Colburn* (*Edward N. Glad* of counsel) for the plaintiffs.
*Charles J. Wagner*, Acting Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before Oliver and Mollison, Judges

Mollison, Judge: The two protests involved in this case were consolidated for trial and disposition. The question presented thereby is whether sewing-machine cabinets, imported empty, i. e., without the sewing-machine heads which are intended to be placed therein, are properly classifiable under the provision in paragraph 412 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, for "furniture," as claimed by the plaintiffs, or under the provision in the same paragraph, as modified by the Presidential proclamation reported in T. D. 51898, for "manufactures of wood," as classified by the collector and as claimed by the defendant.

The classification claimed by the plaintiffs carries with it duty at the rate of 12½ per centum ad valorem, while the classification claimed

(1)

by the defendant provides for duty at the rate of 25 per centum ad valorem. For ready reference, the pertinent portions of the tariff provisions involved are set forth in the margin.[1]

The imported sewing-machine cabinets are of two types. Both types have openings or cut-outs in the top surfaces thereof, and provision is made in each for affixing, in a permanent fashion, a sewing-machine head in such manner that when not in use the machine head may be dropped down inside the cabinet and the opening fitted with a cover so that the top of the cabinet presents a smooth, polished surface. Both cabinets are finely finished, and are designed to accommodate home or family-type sewing machines as distinguished from commercial or industrial-type machines. One type, represented by plaintiffs' illustrative exhibit 1, a catalog illustration, is fitted with a treadle to operate the sewing machine and is designed for use in areas where electric current is not available. The other type, represented by plaintiffs' illustrative exhibit 2, also a catalog illustration, does not have the treadle and is for use with a sewing-machine head which is fitted with an electric motor. The treadle-type cabinet has two drawers, presumably for storing accessories and items used in sewing, and the other type has one drawer, presumably for the same purpose.

Cabinets such as those here involved, when fitted with sewing machines, are articles so commonly found in the ordinary household that the court may take judicial notice of certain facts respecting

---

[1] Paragraph 412, as modified by T. D. 51898:

| Tariff Act of 1930, paragraph | Description of products | Rate of duty |
|---|---|---|
| 412 | Manufactures of wood or bark, or of which wood or bark is the component material of chief value, not specially provided for: <br> *   *   *   *   *   *   * <br> Other (except brush backs, clothespins, spools wholly of wood suitable for thread, and laminated wallboard). | 25% ad val. |

Paragraph 412, as modified by T. D. 51802:

| Tariff Act of 1930, paragraph | Description of products | Rate of duty |
|---|---|---|
| 412 | Furniture, wholly or partly finished, and parts thereof, wholly or in chief value of wood, and not specially provided for: | |
| | Chairs_____ | 20% ad val. |
| | Other furniture_____ | 12½% ad val. |
| | Parts of any of the foregoing_____ | 20% ad val. |

them. It is a fact of general knowledge that they may be found and are used in virtually any room of a dwelling place and that, while the sewing machine itself is an article of utility, effort is often made to make the cabinet which houses it decorative and in harmony with the decor of the home.

An inspection of plaintiffs' illustrative exhibits 1 and 2 and of the oral evidence concerning them bears this out, as they are well-finished pieces with decorative features. The cabinet illustrated in plaintiffs' illustrative exhibit 2 has legs identified with the style of furniture known as Queen Anne, and while the treadle cabinet illustrated in plaintiffs' illustrative exhibit 1 does not seem to be identified with a particular style of furniture it, nevertheless, has a well-finished and decorative aspect which would permit of its integration into the decor of the home.

The term "furniture" is one of broad signification. Webster's New International Dictionary, 2d edition, 1945, contains numerous meanings for the noun, but the definition which seems to convey the meaning in which the term was used in the tariff provision here involved is as follows:

6. Articles of convenience or decoration used to furnish a house, apartment, place of business or of accommodation, etc.; esp., movable articles such as chairs, tables, beds, cabinets, desks, stoves, etc.; as, parlor *furniture*; kitchen *furniture*; office *furniture*;—usually distinguished from the fittings, or permanent adjuncts, such as gas fixtures, sanitary appliances, etc. Styles, ornamentation, etc., in furniture are usually named after the period, or a sovereign reigning, when they were in vogue, as *Renaissance, Empire,* or from their chief maker, as *Chippendale,* etc.

Based upon the facts of record and those of which we take judicial notice, we are satisfied that both types of sewing-machine cabinets here involved are (1) articles of convenience in that they store and provide support for household sewing machines, and are also (2) articles of decoration by reason of the finish and style thereof. As such articles and in both functions, they are used to furnish a home. In our view, therefore, they are embraced within the foregoing definition, and being stipulated to be in chief value of wood, they fall within the provision for "Furniture * * * in chief value of wood." Whether they take classification thereunder, however, depends upon whether they are not more specifically provided for elsewhere in the tariff act.

Counsel for the parties, during the presentation of the evidence herein, explored the possibility that the sewing-machine cabinets here involved may be considered as parts of sewing machines, in the sense that the sewing-machine head and the cabinet, when the former is attached to the latter, are collectively a sewing machine. Counsel for the defendant, in the brief filed in its behalf, suggests that the

cabinet serves no other purpose than to be an integral, essential, and necessary part of the sewing machine.

Assuming without deciding that sewing-machine cabinets may be parts of sewing machines, we note that the only parts of sewing machines provided for specifically in the tariff act (paragraph 372) are those wholly or in chief value of metal or porcelain. This provision, of course, would exclude from its purview the cabinets here involved, as they are stipulated to be in chief value of wood. Further, we are satisfied that even if the cabinets at bar were considered to be parts of sewing machines in a factual rather than a tariff sense, they are, nonetheless, at the same time, furniture within the meaning of that term as used in the tariff act—in other words, that to be considered to be furniture an article need not necessarily be complete in itself. We think that the cabinets at bar are analogous to the familiar disappearing-well type of typewriter desks, which all would consider to be furniture, whether or not they had typewriters affixed to them.

There being no more specific provision in the tariff act for the sewing-machine cabinets in issue, the protest claim for duty at the rate of 12½ per centum ad valorem under paragraph 412 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, is sustained, and judgment will issue accordingly.