**No. 58989.**—Edward S. Zerwekh Company *v.* United States, protest 183990–K (Los Angeles).

MOLLISON, Judge: The merchandise the subject of this protest is described on the invoice as "Sewing Machine Treadle Stands" and was assessed with duty at the rate of 16⅔ per centum ad valorem under the provision in paragraph 412 of the Tariff Act of 1930, as modified by the President's proclamations carrying out the Annecy Protocol of Terms of Accession to the General Agreement on Tariffs and Trade, T. D. 52373 and T. D. 52476, for manufactures of which wood is the component material of chief value, not specially provided for. The claim relied upon by the plaintiff was made by timely amendment of the protest and is for duty at the rate of 12½ per centum ad valorem under the provision in said paragraph 412, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, for furniture, other than chairs, wholly or in chief value of wood, not specially provided for.

The merchandise involved is represented by plaintiff's exhibit 1, evidently a catalog illustration. It consists of a table or stand, the legs being made of cast iron and the top of wood. Attached to the legs is a treadle mechanism which, according to the evidence, is designed to furnish the power to operate a sewing machine when installed in the article. No sewing-machine head, as it is called, was imported with the article. The top, which is made of wood, contains three drawers and has provision for affixing a sewing-machine head thereto. When not being used as a sewing machine, the head can be dropped down inside through an opening, which is then covered by an extendable table or leaf attached to the top.

It is the plaintiff's position that the merchandise is essentially the same as certain of the sewing-machine cabinets passed upon in the case of *Necchi Sewing Machine Sales Corp.* and *Barian Shipping Co., Inc.* v. *United States*, 30 Cust. Ct. 1, C. D. 1489. The record in that case was not incorporated herein, but counsel for both parties have referred to the description of the merchandise given in that opinion and to the exhibits received in evidence therein.

From the description of the merchandise in C. D. 1489, it seems clear that the merchandise at bar is very like that which was represented by plaintiff's illustrative

exhibit 1 in that case, except that the merchandise at bar is apparently not so finely finished or possibly as decorative as was the merchandise in the *Necchi* case, *supra.* Whatever differences there may be, however, it is manifest that they are only of degree, as the merchandise at bar obviously has the same use and function as that involved in the *Necchi* case, which we there held brought it within the term "furniture" as used in paragraph 412, *supra.*

The defendant's argument herein is based upon the assumption that if a sewing-machine head had been imported together with the treadle stand here involved the head and treadle stand would be classified as an entirety as a sewing machine under the provision therefor in paragraph 372 of the tariff act. Defendant contends that if the head and stand were to be considered a single tariff entity, viz, a sewing machine, then the treadle stand here involved is part of a sewing machine. As the provision for parts of sewing machines in paragraph 372 is limited to such parts as are wholly or in chief value of metal or porcelain, defendant contends other parts of sewing machines are relegated to the less specific provisions of the act where they are covered according to the material of which they are wholly or in chief value composed.

We are in agreement with this argument insofar as it excludes parts of sewing machines, other than those wholly or in chief value of metal, from the purview of paragraph 372, but we do not believe that such other parts are necessarily to be classified under the catchall designations by composition. It may well be that some other provision of the tariff act more specific than the general designation by composition might embrace the article, and we believe that is the situation here.

We find no valid distinction between the sewing-machine treadle stands here involved and those involved in the *Necchi* case, *supra.* The instant stands are, therefore, furniture, composed in chief value of wood, and they are also manufactures in chief value of wood. The former designation, as claimed by the plaintiff, is the more specific of the two.

Defendant has cited certain cases relating to wooden articles, none of which are analogous to the treadle stands here in question and in none of which was the competition between tariff provisions similar to that we find here.

Judgment will, therefore, issue sustaining the protest claim for duty at the rate of 12½ per centum ad valorem under paragraph 412, as modified, *supra.*