No. 64682.—Continental Forwarding, Inc. *v.* United States, protest 59/25360 (New York).

MOLLISON, Judge: Paragraph 412 of the Tariff Act of 1930, as modified by the Presidential proclamation relating to the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108, imposes a duty at the rate of 17 per centum ad valorem on "chairs," if entered for consumption or withdrawn from warehouse on or after June 30, 1958, and a duty of 10½ per centum ad valorem on furniture, other than chairs, if similarly so entered or withdrawn.

On August 21, 1958, the plaintiff in the case at bar imported and entered for consumption articles described on the invoice as "Children's Training Seat No. 4," which the collector classified as chairs and on which he took duty at the rate mentioned above for chairs. By its protest herein, the plaintiff contends that the articles are not chairs in a tariff sense but are properly dutiable under the provisions noted above for furniture, other than chairs.

Counsel for the parties have submitted the case for decision upon a stipulation of fact, reading, so far as pertinent, as follows:

IT IS HEREBY STIPULATED AND AGREED between counsel for plaintiff and counsel for defendant that the merchandise described on the invoice covered by the above enumerated protest as "Children's Training Seats No. 4" is represented by the attached illustration marked, subject to the Court's ruling, Plaintiff's Illustrative Exhibit A.

IT IS FURTHER STIPULATED AND AGREED that Plaintiff's Illustrative Exhibit A is a sales promotion price list circulated by the Impex Overseas Corp. in the United States and that said "Children's Training Seats" are therein described as "Child's Folding Nursery Chair". It is also stipulated that the dimensions of the imported articles are correctly given in Plaintiff's Illustrative

Exhibit A and that the particular model covered by the instant importation is No. 605 with seat.

IT IS FURTHER STIPULATED AND AGREED that the imported articles are in chief value of wood and are imported complete with the plastic potty and deflector.

IT IS FURTHER STIPULATED AND AGREED that the imported articles have a typical toilet seat opening with box-like construction thereunder which holds a small plastic chamber pot, and that the imported articles are designed for and are used in the United States as toilet facilities for small children during the period when such children have not yet learned to use the ordinary bathroom toilet facilities permanently installed in most households. The imported articles are also used as seats for children.

IT IS FURTHER STIPULATED AND AGREED that the imported articles are so constructed that they may be folded flat and carried from place to place, but that when in actual use they are chiefly used either in the owner's permanent household or in any other house where the owner may be temporarily staying.

Plaintiff's illustrative exhibit A, received in evidence, shows what counsel for both parties state in their briefs is commonly known as a "potty chair," designed and used primarily for the training of small children, as described in the stipulation. The imported model has a seat which may be placed over the opening and the article used for ordinary seating purposes.

Plaintiff's claim is based upon the argument that in common understanding a chair is primarily a seat, whereas, it is contended, the article at bar is something more than a seat, but is a commode or toilet facility. Plaintiff's counsel cites the decision in the case of *United States* v. *Sutherland International Despatch, and E. P. Stephenson, Agents for Kearfott Enginering Co.*, 21 C.C.P.A. (Customs) 264, T.D. 46790, for the principle that when special features are incorporated in the construction of an imported article to fit it for multiple uses, the article is no longer encompassed by a statutory provision which would have provided for the article were it not for the special features.

Thus, the plaintiff contends, the addition of the toilet seat with oval opening, the box to hold the chamber pot, and the plastic deflector, all created an article with a use different from that of a chair.

In essence, then, plaintiff's argument is that when an article which is in form a chair has a primary use other than that of merely being a seat, it cannot be considered a chair—at least, for tariff purposes. With this argument, we cannot agree, nor can we agree that the *Sutherland* case stands for the principle for which it has been cited by the plaintiff.

In the recent case of *Decorative Imports* v. *United States*, 43 Cust. Ct. 31, C.D. 2099, we had occasion to say that—

* * * we think in common understanding the features which distinguish a chair from other seats are that it is for one person, always has a back, and has some arrangement which elevates the seat portion above the floor or ground so that a person may conveniently sit on it.

It would seem that it is a feature of every chair that one may sit on it, but this is not to say that mere sitting is the primary purpose of every chair. As pointed out in the definition of the noun "chair," in Funk & Wagnalls New Standard Dictionary, 1942, chairs are frequently named for the purpose for which they were designed—dentists' and barbers' chairs being cited as examples. In the case of such chairs, the fact that one is seated is merely incidental to the primary purpose of having dental or tonsorial work performed. Nevertheless, the article in which one is so seated is commonly known and regarded as a chair.

We think that the analogy carries over sufficiently to the articles in the case at bar to fix their character as chairs. The fact that their primary purpose is to train children and that it is only incidental to such training that the trainee is seated thereon does not, in our view, require that they be considered as other than

chairs. Not only the promotional material in evidence as plaintiff's illustrative exhibit A, but counsel for both parties in their briefs denominate the article as a chair, and we think it is commonly so considered and regarded.

We do not believe that the decision in the *Sutherland* case, *supra*, compels a different view. In that case, certain patent silent window channels were imported, composed of a brass channel and felt, the felt lining the inner surfaces of the channel. The merchandise had been classified by the collector as articles, not specially provided for, composed wholly or in chief value of brass, under paragraph 397 of the Tariff Act of 1930, and was claimed to be properly dutiable under the provision in paragraph 381 of the said act for brass channels.

Noting that the addition of felt to the brass channels created a new article dedicated solely to a use different from the use of brass channels without the felt, namely, in rectangular windows of marine craft, our appellate court held that the imported articles were something more than brass channels and had lost their tariff status as such.

We are of the opinion that the principle to be derived from the case is that where a material having many uses is so processed as to be dedicated to a single use, and that use is different from any use it had as a material, it loses its status as the material and, for tariff purposes, acquires the status of the article or thing which has been made with the use of the material.

No comparable or analogous situation exists here. The article at bar is in form a chair and has the use of a chair, viz, to be sat upon. The fact that while the occupant is seated something else is done does not cause it to lose its status as a chair and endow it with such a name or character as compels it to be regarded as an article entirely different from a chair.

In our view, the term "chair" is one covering a great many different forms of the article. The article at bar is one of those forms, and, if any rule of classification is controlling in the matter, it is that an *eo nomine* statutory designation of an article, without limitations or a shown contrary legislative intent, judicial decision, or administrative practice to the contrary, and without proof of commercial designation, will include all forms of the article. *Nootka Packing Co. et al. v. United States*, 22 C.C.P.A. (Customs) 464, 470, T.D. 47464. None of the exceptions to the rule have been made apparent here.

For the foregoing reasons, the protest claim is overruled, and judgment will issue accordingly.