**No. 66579.**—Morris Friedman *v.* United States, protest 61/2500 (Philadelphia).

MOLLISON, Judge: The Presidential proclamation relating to the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108, with respect to merchandise entered, or withdrawn from warehouse, for consumption on or after June 30, 1958, contains the following provisions:

| Tariff Act of 1930, paragraph | Description of Products | Rates of Duty | | |
|---|---|---|---|---|
| | | A | B | C |
| 412 | Furniture, wholly or partly finished, and parts thereof, wholly or in chief value of wood, and not specially provided for: | | | |
| | Chairs | *** | *** | 17% ad val. |
| | Other furniture | *** | *** | 10½% ad val. |

On November 20, 1959, the plaintiff herein entered for consumption an importation of merchandise, described on the invoice as "Potty Chairs," on which the collector of customs assessed duty at the rate of 17 per centum ad valorem under the above-quoted provision for "Chairs." By his protest herein, the plaintiff claims that the said merchandise is not dutiable as assessed, as chairs, but is properly dutiable at 10½ per centum ad valorem under the provision for "Other furniture."

Samples of the articles as imported are before us as plaintiff's illustrative exhibits 1 and 2. They are articles in the form of chairs sized for very small children, and, generally speaking, have the same use and characteristics, except that illustrative exhibit 2 is of light construction and can be folded up and carried or stored easily, while illustrative exhibit 1 is of heavier construction, and, once assembled (it was imported in knocked-down condition), is intended

to be left that way. Both exhibits have easily detachable trays. Each article has a hole in the center of the seat, and a container, apparently not imported therewith, is intended to be used in connection with the article.

The use of the articles is apparent from their appearance and description, and is set forth in the record as well. They are used as toilet facilities for children too small to utilize the ordinary conveniences for such purposes, and, at the same time, to train the youngsters in good habits in connection therewith.

Chairs in all material respects similar to those at bar were the subject of decision in *Continental Forwarding, Inc.* v. *United States*, 45 Cust. Ct. 312, Abstract 64682, except that the chairs in the *Continental* case had a lid, which might be placed over the opening, thus allowing the article to be used for ordinary seating purposes. It was made clear, in that case, however, that the primary use of the article was as a toilet training device.

The articles at bar do not have such a lid, and for this reason and for reasons, as brought out in the present record in some detail, that the articles are commonly used only in the bathroom; that their use is dictated wholly for psychological and educational reasons; that the user is partially disrobed when using them; and that they are uncomfortable and probably not sat upon by choice, plaintiff claims that the articles at bar are distinguishable from those passed upon in the *Continental* case.

We find no merit in this contention. None of the reasons expressed have anything to do with the fact of whether an article is or is not a chair. The plain fact is that they completely meet every element of what constitutes a chair in common understanding, as set forth in our decision in the *Continental* case, viz,

[A chair] is for one person, always has a back and some arrangement which elevates the seat portion above the floor.

Location, reason for use, state of dress of the user, and degree of comfort while using do not add to or detract from the character of an article as a chair, and, in the case of the articles before us, the presence or absence of a lid covering the opening in the seat is similarly inconsequential. It is clear that the decision in the *Continental* case was not based upon the occasional use of the article with the lid down, but upon its primary use, which is the use of the articles before us.

Plaintiff has cited, in the brief filed in his behalf, our decision in the case of *Necchi Sewing Machine Sales Corp.* and *Barian Shipping Co., Inc.* v. *United States*, 30 Cust. Ct. 1, C.D. 1489, for the proposition that the term "furniture" is one of broad signification and would embrace the articles at bar, if it were held that they were not chairs.

The record evidence indicates that the articles are generally known as "potty chairs," but that they are regarded by housewives and mothers (who are most familiar with their use) as "training seats" or "children's toilets," rather than as chairs. We think the most that can be said is that the articles at bar are, from their appearance and use, within that category of furniture which is commonly known and designated as "chairs," as well as within the category of "other furniture," on the basis of being known and used as "training seats" and "children's toilets."

The tariff competition which obtains, "chairs" v. "other furniture," requires the application of the doctrine of relative specificity or the highest-rate rule (paragraph 1559(c)), each of which results in judgment in favor of the collector's classification.

We find no reason for departing from the rule of our decision in the *Continental* case, involving substantially the same merchandise. The protest claim is overruled and judgment will issue accordingly.