MORRIS FRIEDMAN *v.* UNITED STATES (No. 5109)*

United States Court of Customs and Patent Appeals, March 20, 1963

*Allerton deC. Tompkins*, for appellant.

*John W. Douglas*, Acting Assistant Attorney General, *Andrew P. Vance*, Chief, Customs Section, and *Mollie Strum*, for appellee.

[Oral argument February 4, 1963, by Mr. Tompkins and Miss Strum].

Before RICH, Acting Chief Judge, SMITH, and ALMOND, Jr., Associate Judges.

ALMOND, Judge, delivered the opinion of the court:

This is an appeal by the importer from a judgment of the United States Customs Court, First Division (Abs. 66579), overrruling the

---

*C.A.D. 819.

protest filed against the classification of the Collector of Customs of imported merchandise.

The importation is wood "potties" or children's training seats. The merchandise was classified as "chairs of wood," under Paragraph 412, Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108:

> Furniture, wholly or partly finished, and parts thereof, wholly or in chief value of wood, and not specially provided for:
>
> Chairs _____ 17% ad val.
>
> Other furniture_____ 10½% ad val.

The appellant claims that the merchandise is not dutiable as assessed, as chairs, but is properly dutiable at 10½ per centum ad valorem under the provision of the Act for "Other furniture."

Samples of the articles were offered in evidence in the court below and exhibited in argument before us. They were received and identified in the court below as illustrative exhibits 1 and 2. The articles are in the form of chairs designed for use by small children. Exhibit 2 is of light construction which can be folded up and carried or stored easily. Exhibit 1 is of heavier construction and not of the folding type. Otherwise, the articles have the same general characteristics and are designed for the same utilitarian purpose. Both have easily detachable trays similar to and adaptable for the same purpose as the trays which form a part of children's high chairs. The appearance and description of the articles make manifest their intended purpose and use, *viz*, as toilet facilities for children too small to use the ordinary toilet facilities, and at the time of such use to train the child in proper habits while at toilet. Each article has a hole in the center of the seat, but no lid to cover the hole accompanies the article as imported or at time of purchase in the market. As imported, the articles were not accompanied by a pot or receptacle, but are so designed as to facilitate and require the insertion of a small chamber pot thereunder when in use for toilet training purposes.

The exhibits disclose that the articles are attractively designed and that they may be and are used in or out of the bathroom or in any room of the house where desired.

The sole issue here is whether the imported merchandise was properly classified by the Collector of Customs as "Chairs."

The appellee relies heavily on *Continental Forwarding Inc.* v. *United States*, 45 Cust. Ct. 312, Abs. 64682, in support of its contention that the articles in issue are chairs within the contemplation of that term as used in Paragraph 412 of the Tariff Act of 1930. The imported articles in that case were potty chairs. The Customs Court

in the *Continental Forwarding* case, *supra*, found that the merchandise:

* * * is in the form of a chair and has the use of a chair, viz., to be sat upon. The fact that while the occupant is seated something else is done does not cause it to lose its status as a chair and endow it with such a name or character as compels it to be regarded as an article entirely different from a chair.

In our view, the term "chair" is one covering a great many different forms of the article. The article at bar is one of those forms, and, if any rule of classification is controlling in the matter, it is that an *eo nomine* statutory designation of an article, without limitations or a shown contrary legislative intent, judicial decision, or administrative practice to the contrary, and without proof of commercial designation, will include all forms of the article. *Nootka Packing Co. et al. v. United States*, 22 CCPA (Customs) 464, 470, T.D. 47464. None of the exceptions to the rule have been made apparent here.

We think the reasoning of the court in the *Continental Forwarding* case, *supra*, is applicable to the instant case. It is a matter of common knowledge that the noun "chair" covers a broad gamut of varieties. The fact that the chair at bar is designed and primarily used for a specific purpose does not relieve it of its dominant characteristics so as to remove it from the encompassing category to which it belongs or its common acceptation as a chair. Chairs are frequently named for the purpose for which they are designed. Whatever the designative or descriptive nomenclature applied as indicative of primary purpose and use, the appellation "chair" still obtains.

In the *Continental Forwarding* case, *supra*, the potty chairs were imported complete with plastic chamber pots. In the instant case no such pots accompanied the imported goods. It is contended by appellant that this distinction and the further difference that in the former case the merchandise consisted of training seats with covers, or lids that covered the holes in the chairs, render the *Continental Forwarding* case inapposite to the situation presented by the case at bar.

We think the Customs Court correctly disposed of this and related contentions. The court said:

Location, reason for use, state of dress of the user, and degree of comfort while using do not add to or detract from the character of an article as a chair, and, in the case of the articles before us, the presence or absence of a lid covering the opening in the seat is similarly inconsequential. It is clear that the decision in the *Continental* case was not based upon the occasional use of the article with the lid down, but upon its primary use, which is the use of the articles before us.

The articles under consideration, while designed for toilet training purposes, can readily be used for sitting use when not being used for toilet training purposes. Similar to the conventional high chair, it is equipped with a tray.

In our resolution of the issue here presented, we have weighed the conflicting evidence that while the articles under consideration are generally known as "potty chairs," yet those who purchase and manage

their use in the home regard them as "training seats" or children's toilets and not as chairs. We are persuaded to agree with the conclusion reached by the court below that:

* * * We think the most that can be said is that the articles at bar are, from their appearance and use, within that category of furniture which is commonly known and designated as "chairs," as well as within the category of "other furniture," on the basis of being known and used as "training seats" and "children's toilets."

The tariff competition which obtains, "chairs" v. "other furniture," requires the application of the doctrine of relative specificity or the highest-rate rule (paragraph 1559(c)), each of which results in judgment in favor of the collector's classification.

In assailing the classification established by the Collector of Customs, the appellant must carry the dual burden of proving the classification erroneous and in addition thereto he must affirmatively show that his own claim for classification is correct. *United States* v. *Gardel Industries*, 33 CCPA 118, C.A.D. 325; *Joseph E. Seagram & Sons, Inc.* v. *United States*, 30 CCPA 150, C.A.D. 227. In our opinion, the appellant has failed to rebut the prima facie presumption of correctness of the classification as made, nor has he produced that degree of proof required of him to establish the classification which he claims.

For the foregoing reasons, we *affirm* the judgment of the United States Customs Court.